IN RE ESTATE OF ROBERTS:
UPOLE, EXR., APPELLANT, *v.*
ROBERTS ET AL., APPELLEES.

(No. WD-80-13 — Decided December 31, 1980.)

*Messrs. Cheetwood & Davies* and *Mr. R. Nigel Davies,* for appellant.

*Messrs. Hanna & Hanna* and *Mr. Martin L. Hanna,* for appellee Barbara Silver.

POTTER, P.J. On May 5, 1978, the Last·Will and Testament of E. Meredith Roberts, Jr. (testator), was filed in, and admitted to, probate by the Court of Common Pleas of Wood County, Probate Division. Mr. Roberts died on April 21, 1978. His will had been executed ten days earlier on April 11, 1978. Item II of this will, the source of the present action, provides, in pertinent part, as follows:

"I give, devise and bequeath all of the rest and residue of my property***to Paul L. Upole of Bradner, Ohio in trust upon the terms set forth below.***

"If my wife, Zana E. Roberts shall survive me, my trustee shall expend and apply all or such portions of the net income and principal of the trust money as may be necessary in the sole discretion of the trustee for the support, care, medical and surgical attention, sustenance and welfare of Zana E. Roberts.

"At the death of my said wife, Zana E. Roberts, or at my death if I survive her, my trustee shall continue to hold, manage and control the residue of the trust property with the powers and discretions as set forth below, and shall pay all of the net income of the trust to my daughter, Barbara Silver, presently of New York, N.Y., for and during her natural life.

"Upon the death of my said daughter, the trust fund shall then and there cease and terminate and the remainder of the trust property shall be distributed and paid over to the trustees of the Bradner Methodist Church, Bradner, Ohio, absolutely and in fee simple."

The appellant, Paul L. Upole, was appointed as executor of the testator's estate on July 5, 1978. On September 1, 1978, Mr. Upole filed a complaint in the Court of Common Pleas of Wood County, Probate Division, seeking the assistance of said court in determining the applicability of R.C. 2107.06 to the above-stated terms of testator's will. This code section, Ohio's "mortmain" statute, provides, in pertinent part, as follows:

"(A) If a testator dies leaving issue and by his will devises or bequeaths his estate, or any part thereof, in trust or otherwise to any municipal corporation, county, state, country, or subdivision thereof, for any purpose whatsoever, or to any person, association, or corporation for the use or benefit of one or more benevolent, religious, educational, or charitable purposes, such devises and bequests shall be valid in their entirety only if the testator's will was executed more than six months prior to the death of the testator. If such will was executed within six months of the testator's death, such devises and bequests shall be valid to the extent they do not in the aggregate exceed twenty-five percent of the value of the testator's net probate estate, and in the event the aggregate of the devises and bequests exceeds twenty-five percent thereof, such devises and bequests shall be abated proportionately so that the aggregate thereof equals twenty-five percent of the value of the testator's net probate estate."

The answer of defendant-appellee Barbara Silver, testator's sole surviving issue and a will beneficiary, was filed on September 28, 1978; and, a hearing was held in the Probate Court on November 8, 1978. After considering the evidence presented and the arguments and briefs of counsel, the Probate Court found, in a judgment entry filed on February 8, 1980, that the will in question falls within the purview of R.C. 2107.06, because it was executed within six months of the testator's death. The court further found:

"***[T]hat the bequest made to the Bradner Methodist Church exceeds twenty-five percent of the value of the net probate estate and should be abated in accordance with the terms of Section 2107.06(H) [*sic*] of the Ohio Revised Code."

The appellant timely filed a notice of appeal, assigning the following as error in the court's findings:

"1. The trial court erred in finding that the remainder interest bequeathed to the trustees of the Bradner Methodist Church exceeded twenty-five percent of the value of the testator's net probate estate.

"2. The Probate Court erred in not finding that the circumstances surrounding the execution of the will indicated that the purpose of Ohio Revised Code Section 2107.06 would not be served by its application to the facts of the present case.

"3. The Probate Court erred in not finding that the writing of April 11, 1978 is in substance a codicil, and is therefore within the saving provisions of Ohio Revised Code Section 2107.06(B).

"4. Ohio Revised Code Section 2107.-06 is unconstitutional as it is violative of the right of equal protection, due process, and freedom of religion."

Addressing these assignments in order, we find the appellant's first assignment of error well taken. Appellant has argued, both here and in the trial court, that the future interest given to the Bradner Methodist Church under the testator's will must be valued as of the date of the testator's death in determining whether that future interest exceeds twenty-five percent of the testator's net probate estate, for the purposes of R.C. 2107.06. This "present value," appellant

further contends, is to be determined through the use of actuarial tables, mortality tables, and discount factors.

With regard to the present case, appellant calculates the present value of the Bradner Methodist Church's future interest as follows. Disregarding the interest of the first trust income beneficiary, Zana E. Roberts, who died on March 11, 1980, and for whose benefit the testamentary trust authorized invasion of the trust corpus, appellant calculates the life expectancy of appellee Barbara Silver as of the date of the testator's death, April 21, 1978. On that date, appellee Barbara Silver was 47 years old. According to the American Experience Tables, her life expectancy at that time was 23.08 years. Appellant contends that Bradner Methodist Church will not enjoy its interest in the present trust corpus, testator's net probate estate, in any event, until the death of appellee Barbara Silver. Thus, according to appellant, the value of Bradner Methodist Church's interest, as of the date of the testator's death, was that sum of money which can be expected to grow, in 23.08 years, given projected interest and inflation figures, to equal the amount of the testator's net probate estate, to wit, $79,578.13, which is the bequest in this instance.

At the November 8, 1978 hearing herein, appellant adduced testimony from Alan Wagner, a certified public accountant, as to an appropriate rate of growth (i.e., "discount factor") to be utilized in calculating the present value of Bradner Methodist Church's future interest. Mr. Wagner testified that, in his opinion, the appropriate "discount factor," based upon projected market, interest and inflation trends, would be from eight to ten percent.

Applying the above figures to present value tables, appellant contends that the present value of one dollar acquired 23.08 years in the future, at an eight to ten percent discount rate, is eleven to eighteen percent of that dollar, or eleven to eight-een cents. From this, appellant concludes that the present value of the church's interest in the testator's net probate estate is also from eleven to eighteen percent, well below the twenty-five percent maximum allowed by R.C. 2107.06. Furthermore, appellant argues that, even using a 6 percent discount factor, the present value of the church's interest in testator's testamentary trust is 26 percent, a de minimis excess over the statutory limit.

Nothing in the language of R.C. 2107.06 compels the present value analysis suggested by appellant, and no Ohio case has yet construed R.C. 2107.06 to require such present valuation of future interests. R.C. 2131.01 provides, however, that "[t]he American experience table of mortality is the basis of determining present values in probate matters." This provision indicates the propriety of present value analysis in cases such as the one sub judice.

Courts in other jurisdictions have considered the question presented in this assignment, and have uniformly construed their respective "mortmain" statutes in a manner consistent with appellant's position herein. See, generally, Annotation 11 A.L.R.2d 1142. The state of New York has, in particular, expressly engrafted present value analysis into its "mortmain" statute. See N.Y. Estates, Powers & Trusts Law, Section 5-3.3(c) (McKinney's Consolidated Laws). See, also, In re Estate of High (1967), 250 Cal. App.2d 561, 58 Cal. Rptr. 694, for a discussion of a similar procedure employed under California's "mortmain" statute.

Furthermore, for the purpose of determining the permissible amount of a charitable deduction in Ohio estate tax law, R.C. 5731.17 expressly requires the reporting of charitable remainders in terms of their present values. In the cause sub judice, appellant, executor of the testator's estate, calculated the charitable deduction by determining the present value of Bradner Methodist Church's remainder interest; and, in doing so, he used

a formula identical to that which he now proposes to use under R.C. 2107.06, except that he utilized the legal interest rate of six percent as his discount factor in calculating the charitable deduction. This procedure was apparently sufficient for the Tax Commissioner of the state of Ohio, and we find it sufficient for the purposes of R.C. 2107.06.

We hold that, in determining whether the value of a particular testamentary gift exceeds twenty-five percent of a testator's net probate estate for the purposes of R.C. 2107.06, a trial court must value the gift as of the date of the testator's death. Where, as here, the gift is given in the form of a remainder or other future interest, the value of the interest must also be assessed as of the date of the testator's death in the manner hereinafter stated.

We note that, under the terms of the testamentary trust involved herein, testator's wife, Zana E. Roberts, was given a life income interest, accompanied by a power in the trustee to invade the trust corpus for her benefit and support. Zana E. Roberts died on March 11, 1980. In determining present value, it has been stated that the present value must be computed on the facts as they exist at the time of the death of the testator. However, there is also authority to the effect that if the actual event or duration is known the court need not deal in uncertainties. See Annotation 11 A.L.R.2d 1142, Section 7, at 1155-1158. The power to invade would affect the present value. Neither party has addressed this issue in this appeal, however; and, in view of the fact that Zana E. Roberts died without having had any of the trust income or corpus distributed to her or expended on her behalf, we decline to consider the effect of the power to invade upon the valuation of the charitable future interest involved here.

The record before us does not indicate the method employed by the trial court in deciding that the value of Bradner Methodist Church's future interest exceeded twenty-five percent of the testator's net probate estate. Indeed, all of the evidence adduced at the November 8, 1978 hearing on this question supports appellant's contention that that interest does not exceed the twenty-five percent value limitation of R.C. 2107.06. For this reason, and upon the above-stated authorities, we find that the trial court's judgment is contrary both as to law and to the weight of the evidence. Appellant's first assignment of error is, therefore, well taken.

As to the second assignment of error, we have considered the appellant's arguments and cases cited thereunder. These cases all were decided prior to the legislature's amendment of R.C. 2107.06 in 1965. In view of the improved position of charitable beneficiaries, such as the Bradner Methodist Church, under Ohio's amended "mortmain" statute, and the fact that the doctrine of *dependent relative revocation* has not been applied to R.C. 2107.06, *Newman* v. *Newman* (Probate Court of Cuyahoga County, 1964), 94 Ohio Law Abs. 321, 199 N.E. 2d 904, and in view of our ruling upon the first assignment of error, we find this assignment of error not well taken.

As to the third assignment of error, we find this assignment to be without merit. The testator's April 11, 1978 will was executed with all the formalities required by law, including observance of attestation requirements. In addition, this instrument, prepared by appellant's counsel, is labelled "Last Will and Testament," and expressly provides for the complete revocation of all prior wills. Appellant's third assignment of error is, therefore, not well taken.

In his fourth assignment of error, appellant invites us to adjudicate the constitutionality of R.C. 2107.06. The statutory predecessor to R.C. 2107.06 withstood a similar constitutional attack long ago in *Patton* v. *Patton* (1883), 39 Ohio St. 590. In recent years, however, "mort-

main" statutes in other jurisdictions have been struck down on equal protection, due process, and First Amendment grounds. See, *e.g., Estate of French* (C.A.D.C., 1976), 365 A. 2d 621, appeal dismissed *sub nom. Key* v. *Doyle* (1977), 434 U.S. 59; *In re Estate of Cavill* (1974), 459 Pa. 411, 329 A. 2d 503.

Noting the differences between R.C. 2107.06 and its counterparts in Pennsylvania and the District of Columbia, and in view of our ruling on appellant's first assignment of error, we decline, however, to rule on this constitutional ground for reversal. 16 Ohio Jurisprudence 3d 249, Constitutional Law, Section 118. For these reasons and to the extent thereof, appellant's fourth assignment of error is not well taken.

Finding, therefore, appellant's first assignment of error well taken, and the second, third and fourth assignments of error not well taken, the judgment of the Court of Common Pleas of Wood County, Probate Division, is reversed.

In view of the novelty of our determinations under the first assignment of error and in accordance with appropriate standards of appellate review, we deem it appropriate to remand this cause to the trial court for a rehearing, and for the taking of additional evidence on the issue of the present value of the future interest in question, and the extent to which that value exceeds twenty-five percent of the testator's net probate estate. Said rehearing shall be conducted in accordance with this opinion, and subject to the following instructions:

(1) The trial court shall determine the value of the testator's "net probate estate." This term is explicitly defined in R.C. 2107.06(D), and provides that estate and inheritance taxes shall not be subtracted from a testator's gross estate in arriving at a net probate estate figure;

(2) Twenty-five percent of the value of said net probate estate, as determined by the trial court, shall be the maximum possible testamentary gift;

(3) The present value of Bradner Methodist Church's future interest under the will in question shall be calculated according to the following formula:

(a) Through the use of the American Experience Tables, the life expectancy of appellee Barbara Silver shall be calculated;

(b) A discount rate of eight percent shall be applied by the trial court. Although appellant introduced expert testimony at the November 8, 1978 hearing herein as to the proper rate to be applied, taking into account various economic factors, we deem it inappropriate to apply any rate inconsistent with the rate of legal interest. Cf. *In re Estate of Shanafelt* (1955), 164 Ohio St. 258 [58 O.O. 7]. R.C. 1343.03 specifies the legal interest rate applicable in cases such as the one *sub judice.* This code section was recently amended by Am. H. B. No. 28 (effective July 30, 1980) to raise the legal interest rate thereunder from six to eight percent. We interpret the General Assembly's action as a recognition of recent economic conditions; and, in deference to the legislative wisdom, we assign eight percent as the appropriate discount factor herein;

(c) The trial court shall also select appropriate present value tables, and, using the factors determined in (3)(a) and (b) above, shall calculate the present value of the remainder interest in question;

(4) The present value of the remainder interest shall then be compared to the maximum possible testamentary gift specified in (2) above to determine whether the value of the church's gift exceeds twenty-five percent of the testator's net probate estate; and,

(5) In the event the limit specified in R.C. 2107.06 is exceeded, the testamentary trust shall remain intact. The trial court shall then determine an appropriate amount of abatement pursuant to R.C. 2107.06(A) and shall order said amount to be presently paid to appellee Barbara

Silver in accordance with R.C. 2107.-06(C).

*Judgment reversed and cause remanded.*

BROWN and CONNORS, JJ., concur.