STRATMAN, EXR., APPELLEE, *v.* SHEETZ, APPELLANT.

(No. C-880303—Decided
August 23, 1989.)

*Beckman, Weil, Shepardson &
Faller* and *Joseph H. Feldhaus,* for appellee.

*Brigham & Brigham* and *Charles
A. Brigham III,* for appellant.

*Per Curiam.* This case came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Defendant-appellant, Frank E. Sheetz, appeals from the trial court's order granting summary judgment in favor of plaintiff-appellee, Joseph R. Stratman, Executor of the Estate of Gertrude G. Stratman, in an action to quiet title to real estate owned by the deceased. Sheetz presents two assignments of error in which he contends: (1) a 1967 agreement giving him a preemptive right to purchase the real estate does not, as the trial court held, violate the rule against perpetuities; and (2) his claim against the estate of Gertrude Stratman is not governed by the limitations periods of R.C. 2117.06 and 2117.12. Both assignments of error have merit.

In 1967 Gertrude Stratman, who was seventy-four years of age, agreed to sell her residence to Sheetz, a real estate agent, and his broker, Wilson Realty Company. She later decided, however, that she did not want to sell, and, on October 26, 1967, she and Sheetz executed a second agreement and provided that:

"(a) If at any time in the future Stratman desires to sell the property * * *[,]Sheetz is to have the first right to purchase said property for the sum of Seventeen Thousand Five Hundred Dollars ($17,500.00) * * *.

"(b) This privilege of Sheetz for purchase of this property to be binding on the heirs and assigns of Gertrude Stratman in the event of her death prior to the sale by her of said property."

At her death in 1983 Gertrude Stratman still owned the property on which her residence was located. Her nephew, Joseph Stratman, the devisee of the property, was named executor of her estate. As executor, he notified Sheetz that he rejected any claim against the estate arising out of the 1967 agreement. Although Sheetz did not file a claim against the estate, he executed an affidavit setting forth his claimed interest in the property and recorded it with the Hamilton County Recorder.

Stratman then filed this action to quiet title. Subsequently, he moved for summary judgment on the first two of his five claims for relief alleging that the 1967 agreement violated the rule against perpetuities and, in addition, that Sheetz's interest in the property was extinguished by his failure to file a claim within the applicable statute of limitations. The trial court granted the motion for summary judgment, and this appeal followed.

Sheetz's first assignment of error states:

"Because Sheetz was 'a life in being' at the time of the creation of his interest, and because the agreement does not survive beyond his life, the rule against perpetuities is not violated and the trial court erred as a matter of law in granting summary judgment against [Sheetz] on [Stratman's] first claim for relief."

In his brief Sheetz mistakenly refers to the 1967 agreement to purchase the deceased's property as an "option." In reality, the agreement granted Sheetz a "right of first refusal" or "preemptive right." An option differs from a preemptive right since an option gives the grantee the power to compel the owner to sell the property. A preemptive right merely requires the owner to offer the property first to the holder of the right. See 1 Restatement of the Law 2d, Property, Donative Transfers (1983) 210, Section 4.4; *Smith* v. *VanVoorhis* (W. Va. 1982), 296 S.E. 2d 851; *Atchison* v. *Englewood* (1970), 170 Colo. 295, 463 P. 2d 297, 40 A.L.R. 2d 904.

The rule against perpetuities is contained in R.C. 2131.08 and states in part:

"(A) No interest in real or personal property shall be good unless it must vest, if at all, not later than twenty-one years after a life or lives in being at the creation of the interest. * * * It is the intention by the adoption of this section to make effective in Ohio what is generally known as the common law rule against perpetuities, except as set forth in divisions (B) and (C) of this section."[1]

If the preemptive right to purchase is personal to Sheetz (a life in being), and does not extend beyond his lifetime, the potential for a perpetuity does not exist. While we have found no reported Ohio case on this point and the parties have cited only secondary, nonauthoritative sources, other jurisdictions have considered the issue. To determine if a preemptive right is personal to either the grantee or the grantor, other jurisdictions, addressing the issue, look exclusively to the

---

[1] Under divisions (C) and (D) of R.C. 2131.08, any interest in real property created after December 31, 1967 that would violate the rule against perpetuities shall be reformed to approximate the intention of the creator of the interest based on actual, not possible, events. Since the interest in this case was created in October 1967, reformation is not an alternative.

language of the contract. They focus on whether the language states that the right extends to the heirs or assigns of either party, or otherwise indicates that the parties intended the contract to be binding beyond either of their lives. Absent such language, the preemptive right is deemed to be personal. See, *e.g., Estate of Johnson* v. *Carr* (1985), 286 Ark. 369, 691 S.W. 2d 161; *Smith* v. *VanVoorhis, supra; Baker* v. *McCarthy* (1982), 122 N.H. 171, 443 A. 2d 138; *Roemhild* v. *Jones* (C.A.8, 1957), 239 F. 2d 492; *Kershner* v. *Hurlburt* (Mo. 1955), 277 S.W. 2d 619.

The 1967 agreement contains no provision that the right to purchase extends to the heirs or assigns of Sheetz. Its terms are limited to him personally. The fact that the agreement is made binding on the heirs and assigns of Gertrude Stratman, but not on the heirs and assigns of Sheetz, supports the conclusion that the parties contemplated the question of survivorship and specifically intended the preemptive right to be personal and to expire on Sheetz's death. The prefatory words, "at any time in the future," do not, as Stratman argues, affect that specific intent since Sheetz alone is the stated holder of the right to purchase, and, as such, "future" is necessarily limited to his lifetime.

Even assuming for the sake of argument that this phrase is ambiguous, we conclude that the preemptive right must still be held to be personal to Sheetz. Where there are two possible constructions of an instrument, one which renders it valid under the rule against perpetuities and the other which renders it invalid, preference will be accorded to the construction which upholds its validity. See, *e.g., Roemhild* v. *Jones, supra; Campbell* v. *Campbell* (1950), 313 Ky. 249, 230 S.W. 2d 918.

Stratman also argues that the 1967 agreement should be held to be descendible to the heirs of Sheetz under R.C. 2113.50, which provides in part:

"When a *person who has entered into a written contract for the purchase of an interest in real estate dies before a conveyance* thereof to him, his executor or administrator, or surviving spouse, or any heir, or any devisee or legatee having an interest in such contract, may file an application for authority to complete such contract in the probate court of the county in which the executor or administrator was appointed. * * *" (Emphasis added.)

However, R.C. 2113.50 is not relevant to this case. By its terms, this statute applies only where a decedent has entered into a completed written purchase contract, and conveyance of the property under the terms of the contract is all that remains. This case does not involve a purchase contract, but rather a limitation upon the seller requiring Sheetz to have the first opportunity to purchase the property.

Having determined that the preemptive right is personal to Sheetz, and, therefore, that it must vest, if at all, within his lifetime, we find no violation of the rule against perpetuities. However, it does not necessarily follow from our holding that the preemptive right is enforceable. Existing in this case is an obvious additional issue involving whether the 1967 agreement violates the common-law rule prohibiting unreasonable restraints upon alienation due to a price fixed twenty-two years ago and an apparent lack of a redeeming purpose for the restraint. See 1 Restatement of the Law 2d, Property, Donative Transfers (1983) 210, Section 4.4; cf. *Quarto Mining Co.* v. *Litman* (1975), 42 Ohio St. 2d 73, 71 O.O. 2d 58, 326 N.E. 2d 676; *Raisch* v. *Schuster* (1975), 47 Ohio App. 2d 98, 1 O.O. 3d 202, 352 N.E. 2d 657. Since the parties did not raise the issue

below, the record is insufficient to make a determination of the reasonableness of the restraint imposed, and we, therefore, do not decide this issue. We hold only that the trial court erroneously granted summary judgment upon application of the rule against perpetuities, and, accordingly, sustain the first assignment of error.

In his second assignment of error Sheetz contends that the trial court erred by granting summary judgment on the grounds that Sheetz's interest in the property created by the 1967 agreement was extinguished by his failure to present a claim against the estate or to file suit within the respective time limitations imposed by R.C. 2117.06 and 2117.12.[2]

We agree with Sheetz that the filing requirements of R.C. 2117.06 and 2117.12 do not apply in the case *sub judice* because R.C. 2117.06(E) specifically states that "[c]laims that

are contingent need to be presented except as provided in sections 2117.37 to 2117.42 of the Revised Code * * *." R.C. 2117.37 to 2117.42[3] contain separate time limitations for the filing of contingent claims almost identical to those for other claims, but with the important difference that the time periods for contingent claims do not begin to run until "a cause of action subsequently accrues thereon." R.C. 2117.37. Any claim by Sheetz based on the terms of the 1967 agreement is contingent upon the property owner's decision to sell. Therefore, a claim based on the agreement cannot accrue to Sheetz unless and until that decision to sell is made and the preemptive provision is breached. Sheetz's interest was not extinguished by the foregoing statutes of limitations, and we, therefore, sustain the second assignment of error.

The judgment of the trial court is

---

[2] R.C. 2117.06 provides in pertinent part:

"(A) All creditors having claims against an estate, including claims arising out of contract, * * * shall present their claims in one of the following manners:

"(1) To the executor or administrator in a writing;

"(* * *

"(B) All claims shall be presented within three months after the date of the appointment of the executor * * *.

"(C) In the absence of any prior demand for allowance, the executor or administrator shall allow or reject all claims, except tax assessment claims, within thirty days after their presentation* * *."

R.C. 2117.12 provides in pertinent part:

"When a claim against an estate has been rejected * * *, the claimant must commence an action on the claim, or that part thereof rejected, within two months after such rejection if the debt or that part thereof rejected is then due, or within two months after the same becomes due, or be

forever barred from maintaining an action thereon.* * *"

[3] The time-limit provisions of these statutes are contained in R.C. 2117.37, which provides:

"If a claim is contingent at the time of a decedent's death and a cause of action subsequently accrues thereon, such claim must be presented to the executor or administrator, in the same manner as other claims, before the expiration of three months after the appointment of the executor or administrator or before the expiration of two months after the cause of action accrues, whichever is later, except as provided in section 2117.39 of the Revised Code. The executor or administrator shall allow or reject such claim in the same manner as other claims are allowed or rejected. If the claim is allowed, the executor or administrator shall proceed to pay such claim. If the claim is rejected, the claimant shall commence an action thereon within two months after such rejection or be forever barred from maintaining an action thereon."

reversed and the cause is remanded for further proceedings consistent with this decision and the law.

*Judgment reversed and cause remanded.*

HILDEBRANDT, P.J., UTZ and GORMAN, JJ., concur.