RUNSER, Exr., Appellee,

v.

LIPPI et al., Appellants.

[Cite as *Runser v. Lippi* (1995), 105 Ohio App.3d 752.]

Court of Appeals of Ohio,
Third District, Van Wert County.

No. 15–95–2.

Decided Aug. 18, 1995.

*C. Allan Runser,* for appellee.

*Jeffrey L. Robinson,* for appellants.

---

EVANS, Judge.

This is an appeal by Robert Lippi et al. ("appellants") from a judgment of the Court of Common Pleas of Van Wert County, Probate Division, interpreting the will of Armond J. Lippi, who died on March 17, 1992. The defendants-appellants are the nieces and nephews of the decedent.

Approximately two months prior to Lippi's death he executed his will. At issue in this declaratory judgment action is the second of two residuary provisions of the will, which disposes of eighty percent of the residue of Lippi's property and reads as follows:

"Eighty (80%) Percent to THE VAN WERT COUNTY FOUNDATION, the income only therefrom to be used for the purpose of scholarships for needy individuals of Van Wert County for education and to improve their quality of life. I direct that the said FOUNDATION shall first give preference to my Nieces and Nephews and their lineal descendants for educational purposes."

The will was probated without contest or objection. However, on February 7, 1994, C. Allan Runser, executor for the estate of Armond Lippi, filed this declaratory action requesting construction of the above-cited clause of the will and direction as to the administration of the bequest. Lippi's nieces and nephews filed an answer to the complaint, contending that the Van Wert County Foundation ("Foundation") was undermining Lippi's intentions by administering the bequest pursuant to guidelines established by the Foundation over a year after Lippi's death, and that these actions did not comply with the clear direction of their uncle to administer the bequest so as to give preference to them when administering the scholarship fund established at the time of Lippi's death. Appellants argued in an accompanying memorandum that the rigid and specific "guidelines for the granting and renewal of scholarships that are under the control of the Foundation" should not apply to Lippi's heirs, because the guidelines were promulgated over a year after Lippi's death, which occurred only

two months after the execution the will, and application of the guidelines would change the intent of the testator to assist his nieces and nephews and their progeny to obtain college educations.

The trial court, noting the Foundation's "rules and guidelines" for the granting of scholarship moneys, found that Lippi's "general intention" to create a charitable trust must be honored. Therefore, reasoned the court, the clause directing the Foundation to give preference to the Lippi descendants is invalid because that provision thwarts the bequest's charitable nature, and is not reconcilable with the "general [charitable] gift to the Foundation." The court further noted, "It is doubtful that the Foundation could even accept this gift and maintain its tax exempt status."

The court determined that a "general" charitable intent was obvious in the will and announced that it was applying the doctrine of *cy-pres*[1] to modify the gift so that it would remain a charitable trust for the benefit of the citizens of Van Wert County only, pursuant to the guidelines established by the Foundation. The judge allowed copious evidence to be presented concerning the nature and functions of the Foundation, including an explanation of the Foundation's guidelines for distribution of the scholarship funds (which guidelines, as noted, *supra,* were not promulgated until 1993, over a year after Lippi's death). The court thus determined that Lippi's nieces and nephews could receive scholarships only if they qualified under the Foundation's guidelines, and were not entitled to any preference, despite Lippi's explicit testamentary instruction.

Appellants have filed a timely appeal, asserting the following three assignments of error:

"[1] The court exceeded its authority in construing the intention of Armond J. Lippi in his last will and testament, as a construction of his intention was not necessary and was evident on the face of the will.

"[2] The court failed to properly apply appropriate rules for construing the intention of a testator as required by Ohio Law.

"[3] The court's decision to ignore its own finding regarding the intent of the testator was arbitrary and capricious and violates the common law of the state of Ohio."

---

1. *Cy-pres,* which means "as near as possible," is applied in the construction of a will wherein a testator attempts to create a perpetuity. The court must, to avoid invalidating the entire provision, try to explain the will in such a way as to carry out the testator's general intention, where "the language used is so vague or uncertain that the testator's design must be sought by construction." Black's Law Dictionary (6 Ed.1990) 387. However, we find the doctrine inapplicable in this case, as Lippi's intent is evident on the face of his will.

Upon hearing the case, the probate court attempted to dispose of the issues by construing the language of the will. The court resolved the conflict between the Foundation and the heir-beneficiaries by striking the specific direction given to the Foundation by Lippi that his own lineal descendants benefit from the bequest, because that direction was not consistent with the charitable nature of the Foundation.

We find that the court erred in interpreting the will. While purporting to follow the law in the case of *Townsend's Exrs. v. Townsend* (1874), 25 Ohio St. 477, 1874 WL 101, the court ignored the stated rule in that case, which provides:

"[T]he cardinal rule in the construction of any clause in a will is to ascertain the intention of the testator. If a court follows this rule strictly it will give effect only to the intention it finds expressed or implied in the instrument before it, thereby avoiding any tendency to redraft a provision in order to give effect to what it conceives to have been the actual intent of the testator, or its view of what the testator would have intended if he had thought of every contingency." *Carr v. Stradley* (1977), 52 Ohio St.2d 220, 227, 6 O.O.3d 469, 473, 371 N.E.2d 540, 545, where the court approved and followed *Townsend's Exrs. v. Townsend* (1874), 25 Ohio St. 477. See, also, *Hess v. Sommers* (1982), 4 Ohio App.3d 281, 286, 4 OBR 500, 505–506, 448 N.E.2d 494, 499.

In light of the law expressed in *Townsend*, we find that the trial court erred by arbitrarily striking from the will a directory provision on the ground that it would likely interfere with the Foundation's federal tax status as a charitable organization.[2] In striking the expressed direction of the provision, the trial court erroneously considered extrinsic evidence of the Foundation's newly adopted rules and regulations, disregarding the obvious intent of Lippi to provide for the higher education of his nieces and nephews, regardless of their geographical location or their financial status.

We find that Armond Lippi's intent to benefit his nieces and nephews is clear on the face of the will itself. The provision of the will presented to the court for construction, in fact, needs no construction. The meaning of the provision is clear without having to resort to extrinsic evidence, and the court's reliance on the extrinsic evidence presented by the Foundation was error. The provision clearly expresses the testator's intent that the education of his nieces and nephews be preferred, regardless of their domiciles, over that of the needy citizens of Van Wert County. The policies and guidelines of the Foundation, promulgated over a year after the acceptance of the testamentary gift, may not

---

2. The trial court further justified its decision by a misapplication of the *cy-pres* rule as implemented in *Rice v. Stanley* (1975), 42 Ohio St.2d 209, 71 O.O.2d 205, 327 N.E.2d 774, which is inapposite to this case.

be used to change the purpose of the gift and thereby defeat the intent of the testator. As noted by the appellants, "the rules of construction require that the court give effect to the intent of Armond J. Lippi, not the desires of the Foundation." The appellants' assignments of error are well taken.

Having found error prejudicial to the appellants herein, in the particulars assigned and argued, we sustain the assignments of error and hereby reverse and vacate the judgment of the trial court. This cause is remanded to the trial court with instructions to declare the meaning of the clause in question in accordance with the directions contained in this opinion, and to further direct the administration of the bequest, if accepted by the Foundation, free of the application of any rules formulated and adopted subsequent to the death of Lippi.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and HADLEY, J., concur.