**SCHAFER et al., Appellees,**

v.

**DESZCZ et al., Appellants.**

[Cite as *Schafer v. Deszcz* (1997), 120 Ohio App.3d 410.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–96–053.

Decided May 9, 1997.

*D. Kevin O'Reilly* and *Gary A. Kohli*, for appellees.

*David M. Buda*, for appellants.

MELVIN L. RESNICK, Presiding Judge.

This is an appeal from the trial court's grant of appellees' motion for summary judgment. The Ottawa County Court of Common Pleas found that a deed restriction involving the right of first refusal violated the rule against perpetuities, as codified in R.C. 2131.08.

In 1994, appellees, James P. and Judith A. Schafer, Michael J. and Lisa A. Schafer, and Scott P. and Kelli D. Schafer, purchased Sublot Nos. 388, 395, and 426 in Burgundy Bay Subdivision No. 3, Ottawa County, Ohio. Although the three warranty deeds issued for the three parcels contained no reference to such a document, a "Declaration of Restrictions," recorded on August 8, 1967,[1] is allegedly applicable to all sublots in Burgundy Bay Subdivision Nos. 1 through 6. That Declaration of Restrictions contains the following relevant language:

"B. Restrictions and covenants pertinent to recreational facilities and appurtenances.

" * * *

"(4) * * * In the event the owner bargains to sell, assign or convey any lot he must first submit the bona fide selling price of the lot or lots to the lot owner to the right or left thereof, if other than National Resort Lands, Inc. [the developer/grantor], and if no dwelling house structure has previously been completed and occupied on such sublot, thereafter to National Resort Lands, Inc. or its

---

1. A modification of the Declarations of Restrictions recorded on November 14, 1967 does not touch upon or affect the right of first refusal set forth in the August 1967 Declaration of Restrictions.

successors and assigns for first refusal to purchase same for said price in the foregoing sequence."

Section D to the Declaration of Restrictions states that all of the restrictions therein are covenants running with the land that are binding on "National Resort Lands, Inc., its purchasers, and their respective heirs, executors, administrators, successors and assigns * * *."

On January 29, 1996, appellees filed suit against, among others,[2] appellants, Robert A. and Beverly Deszcz (the owners of Sublot No. 394) and the Burgundy Bay Property Owners Association, Inc. Appellees asked the court to, *inter alia,* quiet title to Sublot Nos. 388, 395, and 426 and to declare the material restriction in violation of the rule against perpetuities and, therefore, unenforceable.

Appellants filed a counterclaim and a third-party complaint against Thomas C. and Jane M. Jacobs, the former owners of Sublot No. 395. In both the counterclaim and third-party complaint, appellants asked the court to enforce the "right of first refusal" provision in the Declaration of Restrictions, to order the conveyance of Sublot 395 to Robert and Beverly Deszcz, and for monetary damages.

Appellees filed a motion for summary judgment arguing, in part, that the right of first refusal set forth in the Declaration of Restrictions was "void *ab initio*" because this provision violated the rule against perpetuities.

After considering appellees' motion and appellants' memorandum in opposition and all evidentiary materials filed in support of the parties' contentions, the trial court granted the motion for summary judgment, declaring:

"In the instant case, the right of first refusal * * * is contained in the deed restrictions which apply to all property in the Burgundy Bay Subdivision and the right is therefore perpetual in nature. The right will not vest until an adjoining property owner decides to sell his property. This is a non-vested property interest that could vest at a time later than a life in being plus twenty-one years and therefore it violates the Rule Against Perpetuities."

Based on this holding, the trial court quieted title of Sublot Nos. 388, 395, and 426 in appellees and found in favor of appellees on appellants' counterclaim and third-party complaint.

Appellants appeal that judgment and assert the following assignments of error:

---

2. Appellees also filed other claims against other named parties. In granting summary judgment to appellees on the claim before this court, the trial court included the Civ.R. 54(B) language necessary to render its judgment a final, appealable order. See *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381.

"A. The decision of the trial court granting summary judgment in this matter is contrary to law.

"B. The trial court has improperly determined that a deed restriction is an interest in property instead of a contractual obligation.

"C. The trial court has improperly determined that a non–vested property interest exists which is subject to the rule against perpetuities.

"D. The trial court has improperly determined that a condition subsequent violates the rule against perpetuities.

"E. The trial court has improperly construed the statute against perpetuities set forth in section 2131.08, Ohio Revised Code."

In the instant case, the central question is whether the trial court erred in granting appellees' motion for summary judgment.

 In reviewing a motion for summary judgment, an appellate court employs the same standard as the trial court. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414. Summary judgment is appropriate when the following have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor.

We shall now apply these principles to appellants' assignments of error.

 Due to the manner in which they are argued and for ease of discussion, we shall consider all of appellants' assignments of error together. Appellants do not set forth any separate arguments in support of Assignments of Error (A) or (E). Apparently, appellants' contentions as they relate to all five of their assignments of error are as follows: (1) The rule against perpetuities is applicable only to interests in real property, not contractual obligations; (2) Deed restrictions, or covenants that run with the land are contractual obligations, not property interests; therefore, they are not subject to the rule against perpetuities; and (3) The right of first refusal in the present case is such a deed restriction and is not subject to the rule against perpetuities. Appellants also assert that the owners of the sublots in Burgundy Bay Subdivision have a vested interest (fee simple) in that property subject only to a condition subsequent (restraint on the sale of the property), which is not within the rule against perpetuities.[3] For the following reasons, we find these arguments without merit.

---

**3.** With regard to appellants' second argument, we agree with the proposition that the rule against perpetuities precludes the creation of interests that vest too remotely, and therefore

Ohio's codification of the common law rule against perpetuities is found in R.C. Chapter 2131. As applicable to the case before us, R.C. 2131.08[4] provided:

"No interest in real or personal property shall be good unless it must vest, if at all, not later than twenty-one years after a life or lives in being at the creation of the interest. * * * It is the intention by the adoption of this section to make effective in Ohio what is generally known as the common law rule against perpetuities."

■ The fundamental purpose of the rule against perpetuities was, and is, to prevent restraints on the alienation of property that might be perpetual or unreasonably long, while, in recognition of a property owner's rights to the use and disposition of his property, allowing restraints limited within the strict period of the rule. *Quarto Mining Co. v. Litman* (1975), 42 Ohio St.2d 73, 76–77, 71 O.O.2d 58, 59–60, 326 N.E.2d 676, 680.

The majority view in the jurisdictions addressing the issue of whether rights of first refusal, more commonly known as "preemptive rights," are a property interest rather than a contractual obligation have concluded that these rights are a property interest. *Ferrero Constr. Co. v. Dennis Rourke Corp.* (1988), 311 Md. 560, 564–566, 536 A.2d 1137, 1139 (citing numerous cases and commentators). Therefore, a majority of courts find that rights of first refusal in the future sale/purchase of property are subject to the rule against perpetuities. *Id.* at 564–568, 536 A.2d at 1139–1140. See, especially, *Lake of the Woods Assn., Inc. v. McHugh* (1989), 238 Va. 1, 4, 380 S.E.2d 872, 873 (applying *Ferrero* and finding that a deed restriction granting a right of first refusal to adjoining landowners was a property interest and that this interest violated the rule against perpetuities). See, generally, Annotation (1971 & 1997 Supp.), 40 A.L.R.3d 920, 939–948, Section 8. As noted in *Ferrero Constr. Co. v. Dennis Rourke Corp,* 311 Md. at 567, 536 A.2d at 1140:

---

does not affect vested interests. *Thomas v. Harrison* (P.C. 1962), 92 Ohio Law Abs. 175, 24 O.O.2d 148, 191 N.E.2d 862. However, the right of first refusal in the instant case is not a vested interest. See *Stratman, infra; Balo, infra.* Accordingly, it is subject to the rule against perpetuities.

4. The Declaration of Restrictions in the present case was recorded in August 1967. R.C. 2131.08 was amended, effective October 1967. There is no express intent in the statute to make this amendment retroactive. Thus, the amendment is not applicable to the instant case. R.C. 1.48; *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph one of the syllabus. Accord *Schoenrade v. Tracy* (1996), 74 Ohio St.3d 200, 658 N.E.2d 247. Accordingly, if the right of first refusal violates the rule against perpetuities it is void *ab initio. Cleveland Trust Co. v. McQuade* (1957), 106 Ohio App. 237, 6 O.O.2d 493, 142 N.E.2d 249; *SCN Land & Mineral Co. v. North Am. Coal Corp.* (June 8, 1989), Monroe App. No. 648, unreported, 1989 WL 61791.

"In light of this widespread acceptance of the majority view, we should hesitate before attempting to fashion an exception to the Rule Against Perpetuities for rights of first refusal. In this area of property law, vested rights and settled expectations are at stake. A departure from settled law might introduce doubt as to the value of vested rights. Moreover, the contours of an exception for rights of first refusal might prove difficult to define. Consequently, the policies favoring certainty and stability strongly support our following the majority of courts and applying the Rule Against Perpetuities to rights of first refusal."

Although Ohio courts have not expressly determined the particular issue before this court, a reading of two appellate decisions in this area suggests that said courts would consider rights of first refusal granted in the context of a deed restriction to be property interests, which under certain circumstances, could violate the rule against perpetuities.

The first case, *Stratman v. Sheetz* (1989), 60 Ohio App.3d 71, 573 N.E.2d 776, involved a written agreement granting Sheetz, a real estate agent, with the first right to purchase the residence of Gertrude Stratman. The agreement contained a clause making the agreement binding on the heirs and assigns of Stratman. *Id.* at 72, 573 N.E.2d at 777. Stratman died. In the subsequent quiet title action brought by the executor of Stratman's estate, the trial court found, among other things, that the agreement violated the rule against perpetuities and was, therefore, void. *Id.*

On appeal, the Hamilton County Court of Appeals reversed, finding that in a case where a preemptive right to purchase is personal to the life in being, and does not extend beyond his, her or their lifetime, the potential for perpetuity does not exist. *Id.* at 73–74, 573 N.E.2d at 778–779. The appellate court focused on the language of the agreement and concluded that in the absence of language, for example, the use of the terms heirs or assigns, demonstrating an intent that the preemptive right extend beyond the life of the grantor or grantee, the right was personal. *Id.* Because the language of the agreement granted the right of first refusal only to Sheetz, the Stratman court concluded the right was personal to him alone and did not, therefore, violate the rule against perpetuities. *Id.* at 75, 573 N.E.2d at 779–780.

The second case, *Balo v. Balo* (Sept. 20, 1993), Coshocton App. No. 92–CA–18, unreported, 1993 WL 385347, applied the principles set forth in *Stratman* to a provision in a will and determined that the grant of the right of first refusal was personal to the named heir, and as a consequence, did not violate the rule against perpetuities.

In applying the foregoing analysis to the case before us, reasonable minds could only conclude that the grant of the right of first refusal in the Declaration of Restrictions for Burgundy Bay Subdivision is violative of R.C. 2131.08. The

language used in the restriction is general, referring only to "the lot owner to the right and left" of the sublot to be sold.

Additionally, the terms in Section D of the Declaration of Restrictions grants the right of first refusal to, *inter alia*, National Resort Lands, Inc. (the grantor) and all purchasers (the grantees) and their respective successors, heirs and assigns. Clearly, this language demonstrates that the right of first refusal is not personal to the grantee. Furthermore, the right is of an unlimited duration, and at the time it was created, the possibility existed that it might not be exercised until after the expiration of the period fixed by the rule against perpetuities, if ever. Therefore, the trial court did not err in determining that the right of first refusal in the Declaration of Restrictions was void.

Accordingly, the trial court did not err in granting appellees' motion for summary judgment as a matter of law. Appellants' Assignments of Error (A), (B), (C), (D), and (E) are found not well taken.

The judgment of the Ottawa County Court of Common Pleas is affirmed. Costs of this appeal assessed to appellants.

*Judgment affirmed.*

GLASSER and KNEPPER, JJ., concur.