DECISION AND JOURNAL ENTRY
Appellant Ohio Property Investors appeals the judgment of the Medina County Court of Common Pleas which granted summary judgment to appellees Roberta and William Crocker, and granted their motion to quiet title to their property. We reverse.
 I.
Viola M. and Russell J. Kolar owned property, consisting of two contiguous parcels of land, on Center Road in Hinckley. On July 3, 1972, the couple contracted to sell Parcel A of that property to Ohio Property Investors (OPI), an Ohio limited partnership. As part of the contract to sell, the Kolars granted to OPI and "its successors and assigns" a right of first refusal on adjacent Parcel B, which the Kolars retained. The contract provided that should the Kolars secure an offer to buy Parcel B, they were required to notify OPI of the offer. OPI or its successor in interest had the right of first refusal to match that offer. This preemptive right was to be binding upon the Kolars' "heirs, executors, and administrators, successors and assigns[.]" There was no time limit to this preemptive right. The sole exception to this preemptive right provided that the Kolars could "sell, convey, give, or grant" the property to their daughter Roberta M. Crocker or her heirs, without implicating OPI's right of first refusal. However, the contract went on to provide that should Crocker elect to dispose of the property, OPI could exercise its preemptive right. The Kolars deeded the property to OPI on December 6, 1972.
At some point, OPI sold Parcel A to Aldi, Inc. However, OPI did not transfer the preemptive right for Parcel B. On October 4, 1994, Crocker received title to Parcel B by transfer from the estate of Viola Kolar. In June 1996, Crocker attempted to sell Parcel B to Terry Homes, Inc. Crocker never informed OPI about the offer, as required by the deed restriction conveying OPI's preemptive right. OPI attempted to assert its right of first refusal. Terry Homes sued in common pleas court to quiet title to the property. Crocker, defendant in that suit, filed a third party complaint against OPI and Aldi. OPI then counterclaimed against Crocker, demanding that she honor OPI's preemptive right. Ultimately, Terry Homes requested to be released from the purchase contract, and Crocker agreed to the release. Consequently, Terry Homes was voluntarily dismissed from the litigation below.
Crocker and OPI filed motions for summary judgment. The trial court found that the preemptive right was a violation of Ohio's rule against perpetuities, pursuant to R.C. 2131.08. The court also concluded that because Crocker obtained the property by devise, Viola Kolar did not "sell, convey, give or grant" the property to Crocker, as governed by the deed provision. Thus, the court concluded that Crocker was not bound by the preemptive right. The court granted summary judgment to Crocker and quieted title on the property. OPI filed the instant appeal, asserting three errors.
 II.
I. THE TRIAL COURT ERRED BY FINDING THAT OHIO PROPERTY'S
RIGHT OF FIRST REFUSAL VIOLATES THE RULE AGAINST PERPETUITIES AS SET FORTH IN R.C. 2131.08.
II. HAVING DETERMINED THAT THE RIGHT OF FIRST REFUSAL VIOLATED THE PERPETUITIES PERIOD THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO REFORM THE INTEREST TO MOST CLOSELY APPROXIMATE THE INTENTIONS OF THE GRANTORS AS REQUIRED BY R.C. 2131.08(D).
To prevail on a summary judgment motion, the moving party must point out to the trial court "evidentiary materials [that] show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. An appellate court reviews an award of summary judgment de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105.
The facts recited above are not in dispute. The issue here is one of construction of the instrument which conveyed the property from the Kolars to OPI. The construction of instruments of conveyance is a matter of law. Burk v. State of Ohio (1992),79 Ohio App.3d 573, 576, citing Alexander v. Buckeye Pipe Line Co.
(1978), 53 Ohio St.2d 241, paragraph one of the syllabus.
At common law, the rule against perpetuities was designed to avoid restraints on alienation of property "which might be perpetual or unreasonably long, while permitting restraints limited within the strict period of the rule, in recognition of a property owner's rights to the use and disposition of his property." Quarto Mining Co. v. Litman (1975), 42 Ohio St.2d 73,76, certiorari denied (1975), 423 U.S. 866, 46 L.Ed.2d 96. In Ohio, the rule against perpetuities is codified in R.C. 2131.08. The first section of that statute recites the proviso that, with certain named exceptions, "no interest in real or personal property shall be good unless it must vest, if at all, not later than twenty-one years after a life or lives in being at the creation of the interest." R.C. 2131.08(A). A preemptive right is an interest in real property that is governed by the rule against perpetuities. Schafer v. Deszcz (1997), 120 Ohio App.3d 410,414.
The instant preemptive right was intended to "inure to the benefit and be binding upon heirs, executors, and administrators, successors and assigns of the prospective parties hereto." Thus, it is conceivable that a successor party in interest would elect to exercise the right long after "twenty-one years after a life or lives in being at the creation of the interest." R.C. 2131.08(A). As such, the interest would violate the common law rule against perpetuities.
However, the statute further provides that "[i]n determining whether an interest would violate the rule * * * the period of perpetuities shall be measured by actual rather than possible events." R.C. 2131.08(C). This "wait and see" approach allows the exercise of a theoretically violative interest, when the exercise occurs in a period not prohibited by the rule. Such an approach permits the parties to retain the bargain struck originally by the grantor and grantee, without permitting the undesirable result that a perpetual burden to the property results.
Appellant argues that the preemptive right does not in fact violate the rule against perpetuities because twenty-one years has not elapsed "after a life or lives in being at the creation of the interest." We agree. "[T]he `wait-and-see' doctrine permits consideration of events occurring after inception of the instrument * * * so that if the contingency upon which the interest is limited actually occurs within the period of the rule, the interest is valid." SCN Land Mineral Co. v. North American CoalCorp. (June 8, 1989), Monroe App. No. 648, unreported. Crocker's life was a named life in being at the time the interest was created. Thus, at this time the interest does not violate the rule. Appellant's first assignment of error is well-taken.
Because we have determined that the interest does not violate the rule, there was no need for the trial court to reform the interest. Appellant's second assignment of error is moot.
 III.
III. THE TRIAL COURT ERRED BY DETERMINING THAT OHIO PROPERTY'S RIGHT OF FIRST REFUSAL TERMINATED AT THE DEATH OF THE GRANTOR, VIOLA KOLAR.
The trial court determined that paragraph five of the original deed agreement limited the manner in which the grantors could continue to be bound by OPI's preemptive right. That paragraph provided that should the grantors "desire to sell, convey, give, or grant the subject property * * * to sellers' daughter, Roberta M. Crocker, or her heirs, said right of first refusal does not apply." The provision continued that "[i]n the event of the above, the right of first refusal applies to Roberta M. Crocker or her heirs." The court determined that because Crocker received the property through a devise in Viola Kolar's will, Viola Kolar did not "sell, convey, give, or grant" the property to her. Concluding that this was the case, the court decided that the second provision, imposing the preemptive restriction on Crocker "[i]n the event of the above," was never implicated. Thus, Crocker was never bound to honor OPI's preemptive right. We disagree.
Black's Law Dictionary (7 Ed.Rev. 1999) 463 defines "devise" as "[t]he act of giving property ([usually] real property) by will." A search of Ohio court opinions finds numerous references to "testamentary gifts." See, e.g., Oliver v. Bank One, Dayton,N.A. (1991), 60 Ohio St.3d 32, 34; Central Trust Co. of NorthernOhio, N.A. v. Smith (1990), 50 Ohio St.3d 133, 138; Runser v.Lippi (1995), 105 Ohio App.3d 752, 755-756; Upole v. Roberts
(1980), 1 Ohio App.3d 15, 18. We find that as a matter of law, Viola Kolar did give the property to Crocker through her devise. The fact that the gift was not realized until Viola's death does not in any way alter the fact that Viola gave the property to her daughter. Clearly, during her lifetime Viola Kolar desired to "convey, give, or grant" the property to her daughter. That desire was effectuated through her will, the provisions of which became effective upon her death, and as a result Crocker now owns the property. As the owner of the property, she is now bound by OPI's preemptive interest.
We find appellant's third assignment of error to be well-taken.
 IV. Having found appellant's first and third assignments of error to be well-taken, we find that the trial court erred in granting summary judgment to Crocker. We reverse the judgment of the trial court, and we remand this cause for action consistent with this decision.
Judgment reversed and cause remanded.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT CARR, J.
QUILLIN, J.
CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)