## OHIO SUPREME COURT —Continued

### No. 918
### KORNER v. COSGROVE
Ohio Supreme Court

No. 17810.  Decided Oct. 23, 1923 (To Appear—OS.)

**78.  CARRIERS.**

Operators of public taxicabs for hire are common carriers and are liable for acts of driver performed driving car outside regular hours of service.  (For official syllabus, see below; also 43 Abs. 765.

MARSHALL, C. J.

Epitomized Opinion

Cosgrove, at midnight, applied for a taxicab at the place of business of Korner, who operated public taxicabs for hire in Bucyrus, to take her to her home in a remote part of the city.  She alleged in her petition that Driscoll started to drive her to her home but drove her into the country where he assaulted and ravished her.  Driscoll admitted having intercourse, but testified it was with her consent. The jury found that he raped her.  Korner contended that Driscoll was not on duty at the time, as his duties ceased at 6:30 in the evening by the terms of his employment.  Korner admitted that Driscoll used his machine and on his return paid him the regular fee for taxi service.  The jury returned a verdict for Cosgrove.  It was affirmed by the Court of Appeals.  In affirming the judgment of the lower courts, the Supreme Court held, official syllabus, as follows:

1. "All the authorities without exception have declared that public taxicabs operated for hire, and which are offered promiscuously to the public for the service of transportation of passengers, are common carriers.  This is true without any regard to the limits of the service."

2. "Inasmuch as Driscoll was a regular employe of the defendants, and this service was rendered by him while using one of the conveyances of the defendant for which the usual fee was paid directly into the hands of one of the defendants, it would be rediculously technical to hold that the service was thereby rendered otherwise than in the performance of his regular duties."

3. "The owner of any motor vehicle may be held responsible for damages caused by an incompetent driver known to be such by the owner." 107 OS. 501. The carrier is liable for unwarrantable assaults upon passengers by the servants of the carrier.

Attorneys—Gallinger & McCarron, Bucyrus, for Korner et al; C. A. Meck and B. Meck, Bucyrus, for Cosgrove.

### No. 919
### SANBORN v. SANBORN
Ohio Supreme Court

No. 17387.  Decided Dec. 30, 1922 (To Appear—OS.)

**171.  ESTOPPEL.**

Person accepting benefits under erroneous judgment unappealed from, cannot assert invalidity thereof in a collateral proceeding.  (For official syllabus, see below; also 5 Abs. 134.)

MARSHALL, C. J.

Epitomized Opinion

By a divorce decree entered in Lawrence county in favor of M. Sanborn against her husband, R. Sanborn, the wife was awarded the custody of the children and granted alimony in installments of $25 a month.  The court ordered M. Sanborn to convey to her husband certain real estate, and upon her failure to do so, decreed that this decree should operate as a conveyance.  The order also divested her of all dower.  No appeal or error proceeding was ever prosecuted from the decree.  The wife accepted the payment from the husband of alimony, but refused to execute a deed.  This is an action by the wife for the partition of this same real estate.  She contended that the Common Pleas, in the divorce proceeding, had no authority to order her to convey the property to her husband, as the divorce was granted upon the husband's agression, under 11990-1 and 2 GC.  The Common Pleas found for R. Sanborn.  The Court of Appeals reversed this.  In reversing the latter, the Supreme Court in its syllabus, 5 Abs. 134, held as follows:

1. "Where a court of competent jurisdiction, having all parties before it, and having jurisdiction of the subject-matter of the action, renders an erroneous judgment, and no appeal or error is prosecuted therefrom, and one of the parties accepts from the opposite party substantial sum of money awarded by such judgment, and does not thereafter restore or tender restoration of the moneys so received, he is not estopped in any collateral proceeding between the same parties from claiming the invalidity of that part of the judgment favorable to the opposite party."

Attorneys—Andrews & Irish, Ironton, for R. Sanborn; Johnson & Jones, Ironton, for M. Sanborn.