First National Bank of Minneapolis, Trustee, *v.* Wilder et al.

[Cite as First Natl. Bank of Minneapolis, Trustee, v. Wilder, 8 Ohio Misc. 43.]

(No. 172166—Decided July 13, 1966.)

Sale of Trust Assets: Montgomery County Probate Court.

*Mr. Charles D. Shook*, for trustee.

Ziegel, J. (by assignment). Plaintiff is the testamentary trustee of a trust created by the will of Abbie Anna Welles, deceased, and has filed its petition for authority to sell a certain tract of real estate which is included in the trust assets. These proceedings are brought under the authority contained in Section 5303.21 *et seq.*, Revised Code. The immediate beneficiaries of this trust are adults and all have joined in the prayer of the petition. Likewise all adult potential remaindermen have joined in the prayer of the petition. The minor remaindermen *in esse* are represented by a guardian *ad litem* who has filed the standard answer asking the court to protect the rights and interests of his wards. Unborn remaindermen, if any there be, are represented in these proceedings by the remaindermen *in esse*. *Bennett* v. *Fleming*, 105 Ohio St. 352.

Section 5303.211, Revised Code, confers jurisdiction upon the Probate Court where, as here, the real estate in question

is held in trust under the jurisdiction of the Probate Court. Section 5303.21, Revised Code, provides:

"In an action by the tenant in tail or for life, or by the grantee or devisee of a qualified or conditional fee, or of any other qualified, conditional or determinable interest, or by a person claiming under such tenant, grantee, or devisee, or by the trustee or beneficiaries, if the estate is held in trust, Courts of Common Pleas may authorize the sale of any estate, whether it was created by will, deed, or contract, or came by descent, when satisfied that such sale would be for the benefit of the person holding the first and present estate, interest, or use, and do no substantial injury to the heirs in tail, or others in expectancy, succession, reversion, or remainder. This section does not extend to estates in dower."

The will of the decedent contains the following provision: "Fifth: the trustee shall hold and manage the property at 32 So. Main, St., Dayton, Ohio, in which I now have a joint interest, for so long a time as the trustee shall be permitted by law to retain said property, it being my thought that this property is desirable to retain as a trust investment and it being my wish that said property shall be held for the beneficiaries herein named and by them after distribution of the trust."

From the foregoing it is obvious that the testatrix did not intend that the property in question should be sold. Query: Do the disentailing statutes, Sections 5303.21 *et seq.*, Revised Code, authorize the court to ignore positive language in a will inhibiting the sale of the real estate sought to be sold?

It has been suggested that Sections 5303.21 *et seq.*, Revised Code, are purely procedural statutes providing for the mechanics whereby real estate might be sold when no power of sale exists in the trustee. The disentailment statutes were enacted in 1859, and early in their history it was held that they were more than remedial, but went to substance. At common law, for example, a tenant in tail or a life tenant had no power whatsoever to sell the real estate on which he was a tenant unless the remaindermen were known, were *sui juris*, and consented to the sale. Thus it was held in *Gilpin* v. *Williams*, 25 Ohio St. 283, that the 1859 act was unconstitutional insofar as it applied to real estate which had vested prior to its enactment. In *Reams*

v. *Wolls*, 61 Ohio St. 131, the act was held to be inoperative as to estates created prior to its passage.

Testator's will, in *Nimmons* v. *Westfall*, 33 Ohio St. 213, was executed in 1869. In it testator gave his wife and his son a life estate in a certain tract of real estate, and then gave specific directions as to the disposition of the land after the termination of the life estates. The Supreme Court Commission held, first, that no constitutional question existed here since the estate was created and vested subsequent to the enactment of the disentailment statutes. Secondly, the commission held that the act of 1859 and the acts supplemental thereto authorized the owner of the life estate in possession to institute proceedings for the sale of both the life estate and the estate in remainder, even though testator may have had special directions in his will for the disposition of the land on the termination of the life estate. On page 224 of its opinion, the Supreme Court Commission, speaking through Justice Ashburn, says: "It is urged that the statutes authorizing the lease and sale of estates tail, for life, etc., are in conflict with the wills act, because destructive of the intention of the testator. We think not, for the reason that the testator must be regarded as making his will in reference to all existing laws affecting the right in property."

The same position was taken in *Judy* v. *Trollinger*, 110 Ohio St. 576, even though the will creating the estate in question was executed in 1858, prior to the enactment of the first disentailing statute, when the will was not admitted to probate until one year after the passage of the act.

In the case at bar the will in question was both executed and admitted to probate in 1960, more than a hundred years after the enactment of the first disentailment statute. Certainly, here, as was pointed out in *Nimmons* v. *Westfall, supra*, 33 Ohio St. 213, the testatrix must be regarded as making her will in reference to these statutes.

I believe also that the maxim of legislative construction, *expressio unius est exclusio alterius*, applies here, in that the general assembly specifically did exclude one situation from the operation of Sections 5303.21 *et seq.*, Revised Code. The last sentence of Section 5303.21, Revised Code, reads: "This section

does not extend to estates in dower." If the Legislature had intended to exclude any other situation from the operation of this statute, it should have specifically so stated. All that it is necessary for the court to find before it may order a sale of such real estate is that "such sale would be for the benefit of the person holding the first and present estate, interest, or use, and do no substantial injury to the heirs in tail, or others in expectancy, succession, reversion, or remainder."

The recent Supreme Court case of *Toledo Trust Co.* v. *Toledo Hospital* (1962), 174 Ohio St. 124, has been examined. In that case testator's will provided that "all investments of capital by me directed to be made shall be in interest bearing securities issued by the United States of America or by any state of the United States of America or by any governmental subdivision of the state of Ohio." The trustee, desiring to avoid these restrictive investment provisions, sought authority to invest the corpus of the trust in accordance with the Ohio statutory provisions controlling the investment of trust funds by fiduciaries (Sections 2109.37 and 2109.371, Revised Code). Relying upon the intention of the testator as expressed in his will, and failing to find any existing emergency, the court refused to permit the trustee to deviate from the investment provisions.

Two quick distinctions may be pointed out between this case and the case at bar. First, The Toledo Trust Co. situation does not deal with real estate, where "The law does not favor restraints on alienation, and in case of doubt that construction will be adopted which favors the right to convey." Paragraph two of the syllabus, *Hamilton* v. *Link-Hellmuth, Inc.*, 104 Ohio App. 1. Secondly, Sections 5303.21 *et seq.*, Revised Code, authorize the sale of an existing trust asset and provide the mechanics for accomplishing such sale, as to real estate held in trust. Sections 2109.37 and 2109.371, Revised Code, are not concerned with the sale of any particular kind of trust asset, but only with investment.

An order will be entered authorizing the sale of the real estate described in the petition upon the terms and conditions indicated therein, which the court finds to be reasonable. An appropriate deed may be given by the trustee, as provided in Section 5303.23, Revised Code.

Proceeds of such sale will be invested in accordance with

Section 5303.27, Revised Code. It is pointed out that this Section authorizes investments as provided in Sections 2109.37 and 2109.371, Revised Code; and that Section 2109.37, Revised Code, begins "Except as otherwise provided * * * by the instrument creating the trust * * *." Thus the investment privileges contained in Section Sixth of Article VII of testatrix's will apply.

*Judgment accordingly.*