**NATIONAL CITY BANK, Appellee,**

v.

**WELCH, Admn., et al., Appellants.**

[Cite as *Natl. City Bank v. Welch,* 188 Ohio App.3d 641, 2010-Ohio-2981.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–1203.

Decided June 29, 2010.

642

Weltman, Weinberg & Reis Co., L.P.A., Stephen A. Santangelo, and Angela Coriell, for appellee.

Joseph Colburn Jr., for appellant Mary Welch.

Ron O'Brien, Franklin County Prosecuting Attorney, and Adria Fields, Assistant Prosecuting Attorney, for appellant Franklin County Treasurer.

Charles Bendig, for appellant Tarry Gullett.

---

TYACK, Presiding Judge.

{¶ 1} Appellant Tarry Gullett appeals from the Franklin County Court of Common Pleas decision granting summary judgment to appellee, National City Bank, in this foreclosure action. Gullett is not the mortgagor and, in fact, has no present possessory interest in the real property at issue. However, the recorded deed to the property contains a restriction granting Gullett a right of first refusal (a.k.a. preemptive right) to purchase the property from her deceased relative's estate. The mortgagor, Bob Spriggs, took title to the property in 1998, when it was deeded to him by his late mother's estate. The deed stated that if Spriggs ever decided to sell the family home, his siblings would have the right to purchase it—either from Spriggs, or his estate, in the event of his death—for $20,590.31. Spriggs subsequently took a loan against the property from appellee, National City Bank, and then died prior to paying off the mortgage. The bank filed an action in foreclosure against Spriggs's estate, and, having notice of the deed restriction, joined the members of the class of which Gullett is a member. Until the foreclosure action, Gullett had no knowledge of her interest in the property, but upon learning of her right to purchase, she tendered the specified amount to the bank. The bank, however, refused to sell to Gullett.

{¶ 2} Gullett filed a counterclaim against the bank, and the parties filed cross-motions for summary judgment. The trial court granted judgment for the bank on the basis that the deed language granted Gullett a right to purchase the property only from Spriggs or his estate—i.e., not the bank or some third party—and that a sale by a creditor did not trigger Gullett's preemptive rights. At issue here is whether a mortgagee with notice of a deed restriction that grants a third party some future interest in the real property is bound by the language in the

deed. Based on the reasoning that follows, we answer this question in the affirmative, and reverse the decision of the trial court.

{¶ 3} Although the facts of this case are not in dispute, it is necessary to review them so that we may fully understand the legal issues. Gullett and Spriggs were children of Mary Grambo. When Mary died, her estate deeded the family home known as 3903 Curtis Avenue, Grove City, Ohio, to Bob Spriggs and his wife Sally. The Spriggs took title to the property on May 13, 1998, and the deed was recorded with the Franklin County Recorder containing the following restriction:

> In the event that the subject premises are not sold prior to the death of both grantees, the then surviving children of Mary H. Grambo shall have the right of first refusal to purchase the subject premises from the estate or estates of grantees, with the sale price for the subject premises to be an amount equal to the sum of $20,590.31 plus the amount of interest paid by the grantees on the loan obtained in order to purchase the subject premises.

{¶ 4} In 2001, the Spriggs took a loan for $58,000 from National City Bank, using the property as collateral. Nothing in the restriction precluded placement of a mortgage on the property. They gave a mortgage to the bank and took a mortgage deed, which was also recorded. The mortgage deed was properly recorded, specifically including the above deed restriction.

{¶ 5} The Spriggses purportedly made payments on the mortgage for a while, but eventually defaulted. Sally Spriggs died on September 7, 2006, and her interest in the property was conveyed to Spriggs. Spriggs then died on August 27, 2008. Shortly thereafter, Gullett learned of Spriggs's death, and her preemptive right to purchase, at which time she notified the estate's administrators that she would be exercising her preemptive right to purchase the property. Gullett also gave notice to her siblings (the remaining surviving children of Mary Grambo) of her desire to purchase the property. None of the other class members expressed interest in obtaining the property or asked to be included in the transaction.

{¶ 6} The bank filed its foreclosure action on November 5, 2008, alleging that they were entitled to foreclose on the property as a result of Spriggs's note being in default. Gullett filed a counterclaim for specific performance, as well as for damages for the bank's alleged tortious interference with a business relationship.

{¶ 7} On cross-motions for summary judgment, the trial court ruled that Gullett's preemptive right to purchase the property had not yet ripened, because neither Spriggs nor his estate had offered the property for sale. The court also ruled that the deed language did not permit Gullett to purchase the property from someone other than Spriggs or his estate. On Gullett's tort claim, the trial court also ruled in favor of the bank. That decision is not at issue in this appeal.

{¶ 8} When a trial court grants summary judgment, we review that decision de novo, using the same standard that the trial court used. See, e.g., *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; *Brewer v. Cleveland Bd. of Edn.* (1997), 122 Ohio App.3d 378, 383, 701 N.E.2d 1023. This de novo standard of review in effect provides for a new trial by this court of the legal issues in the case, and in our review of the legal issues, we are required to give no deference whatsoever to the trial court's decision. See *Hicks v. Leffler* (1997), 119 Ohio App.3d 424, 427, 695 N.E.2d 777, citing *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411.

{¶ 9} The summary judgment criteria are set forth in Civ.R. 56(C), which provides that summary judgment may not be granted unless (1) there are no material facts at issue or in dispute, (2) the moving party is entitled to judgment as a matter of law, and (3) based on the evidence, viewing that evidence and the inferences drawn therefrom in a light most favorable to the opposing party, reasonable minds can come to only one conclusion—that conclusion being adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201.

{¶ 10} Summary judgment must not be granted unless the movant sufficiently demonstrates the absence of any genuine issue of material fact. *Hicks.* And if reasonable minds could arrive at differing conclusions from the evidence in the case, the court must overrule the motion for summary judgment. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 424 N.E.2d 311. In cases in which the facts are not in dispute, summary judgment may be rendered where the pleadings and legal arguments of the party seeking summary judgment clearly establish that the nonmoving party has no legally cognizable cause of action. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 297–298, 662 N.E.2d 264.

{¶ 11} Appellant presents two assignments of error for our consideration:

First assignment of error:

The trial court erred in failing to declare as a matter of law that upon the banks foreclosure, defendant Tarry Gullett had the absolute right to purchase the property for the stipulated amount of $20,590.31, ordering the plaintiff bank and the defendant estate, to sell the property to the defendant Gullett for that amount.

Second assignment of error:

The trial court erred in failing to declare that since the bank's deed specifically included the first refusal in its legal description, the doctrine of estoppel prevented the plaintiff bank from denying the enforceability of the right of first refusal to purchase the property for the stipulated amount of $20,590.31.

{¶ 12} The sole issue before us is whether the bank is bound by the language in the deed, which purports to grant appellant an absolute right to purchase the property. The assignments of error being interrelated, we will address them together.

{¶ 13} A right of first refusal is a preemptive right that gives the holder of the right the first opportunity to purchase property when it is offered for sale. *Four Howards, Ltd. v. J & F Wenz Rd. Invest., L.L.C.*, 179 Ohio App.3d 399, 2008-Ohio-6174, 902 N.E.2d 63, ¶ 59. Preemptive rights differ from purchase options in that the holder of an option to purchase has a right to compel the sale of the property, whereas the holder of a preemptive right does not have the option to purchase the property until the property is offered for sale. See id.; see also *Beder v. Cleveland Browns, Inc.* (1998), 129 Ohio App.3d 188, 195, 717 N.E.2d 716. A purchase option is commonly referred to as a unilateral contract because it binds one party without binding the other. *Four Howards*, citing *Bahner's Auto Parts v. Bahner* (July 23, 1998), 4th Dist. No. 97CA–2538, 1998 WL 470494. Although based in contract, a right of first refusal is usually memorialized in the deed to the property, so it acts as a type of deed restriction or restrictive covenant. See, e.g., *Treinen v. Kollasch–Schlueter*, 179 Ohio App.3d 527, 2008-Ohio-5986, 902 N.E.2d 998, ¶ 4, 5 (discussing whether the right of first refusal at issue violated the rule against perpetuities); *Schafer v. Deszcz* (1997), 120 Ohio App.3d 410, 414, 698 N.E.2d 60 (noting that the majority of jurisdictions that have addressed the issue have concluded that preemptive rights are a property interest, rather than a contractual obligation) citing *Ferrero Constr. Co. v. Dennis Rourke Corp.* (1988), 311 Md. 560, 536 A.2d 1137, 1139.

{¶ 14} Generally speaking, restrictive covenants run with the land—i.e., they bind subsequent purchasers of real property, so long as the subsequent purchaser had notice of the covenant. See, e.g., *Emrick v. Multicon Builders, Inc.* (1991), 57 Ohio St.3d 107, 109, 566 N.E.2d 1189 ("a bona fide purchaser for value is bound by an encumbrance upon land * * * if he has constructive or actual knowledge of the encumbrance"); see also *Abood v. Weingarten* (1956), 135 N.E.2d 899, 902; *Kuebler v. Cleveland Short Line Ry.* (Cuyahoga C.P.1910), 20 Ohio Dec. 525, 1910 WL 793, at *3–4. There are also personal covenants, which do not run with the land, and are enforceable only against the covenantor. See generally *Gillen–Crow Pharmacies, Inc. v. Mandzak* (1964), 8 Ohio Misc. 47, 37 O.O.2d 60, 220 N.E.2d 852, 857. In order for a restrictive covenant to run with the land, the following three factors must be met: (1) an intent for the restrictive covenant to run with the land, (2) the covenant "touches and concerns" the land, and (3) the parties are in privity of contract. *Capital City Community Urban Redev. Corp. v. Columbus*, 10th Dist. No. 08AP–769, 2009-Ohio-6835, 2009 WL 5062063, ¶ 13, citing *LuMac Dev. Corp. v. Buck Point Ltd. Partnership* (1988), 61

Ohio App.3d 558, 562, 573 N.E.2d 681. But personal covenants may also be enforceable against subsequent purchasers, provided that the purchaser had notice of the covenant. *Gillen–Crow Pharmacies* 8 Ohio Misc. 47, 37 O.O.2d 60, 220 N.E.2d at 859.

{¶ 15} In this case, it is undisputed that the bank had notice of the restrictive covenant granting appellant's class a right of first refusal to purchase the property. Thus, whether the right of first refusal was a personal covenant or one that runs with the land is moot. There is no injustice done by enforcing a valid deed restriction against a subsequent purchaser when that purchaser had knowledge of the restriction. The outcome is unchanged by the fact that the subsequent purchaser happens to be a financial institution.

{¶ 16} The cases relied upon by the trial court do not support the trial court's conclusion. For example, although the Iowa Supreme Court held that the foreclosure sale did not trigger the preemptive rights of the holder, the court affirmed the lower court's ruling that the right of first refusal was nonetheless enforceable. See *Henderson v. Millis* (1985), 373 N.W.2d 497, 507. The Iowa court's analysis of what triggers the holder's preemptive rights is inapplicable here because the deed here provided an alternate means of triggering the right of first refusal—the deaths of the grantees, Bob and Sally Spriggs. Whether Spriggs's estate formally offered up the property for sale is irrelevant because of the certainty and inevitability of an estate sale. Furthermore, Gullett notified the estate and the bank of her intention to exercise her right to purchase immediately upon learning of her right.

{¶ 17} The Connecticut case relied upon by the trial court is similarly inapposite. There, the court reasoned that there were two conditions that must occur to trigger the holder's preemptive rights to purchase. First, the owners must "form the intention" to sell; and second, there must be "a bona fide, written offer to purchase the property." *Tadros v. Middlebury Med. Ctr., Inc.* (2003), 263 Conn. 235, 241–242, 820 A.2d 230. Again, these conditions do not and cannot apply here, because the right of first refusal was triggered by Spriggs's death.

{¶ 18} The trial court's analysis and reasoning must also be rejected because it would set a precedent that in effect extinguishes preemptive rights altogether: Anytime a person wanted to buy a property that was subject to preemptive rights held by another, the interested buyer could simply take a mortgage from the present owner and then foreclose (or take a deed in lieu of foreclosure), which would circumvent the original grantor's intent.

{¶ 19} Our legal system and this nation are founded on principles of due process and fair play and substantial justice. See, e.g., *Burnham v. Superior Court of California* (1990), 495 U.S. 604, 619, 110 S.Ct. 2105, 109 L.Ed.2d 631

("[personal] jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of 'traditional notions of fair play and substantial justice' "); *World–Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 299, 100 S.Ct. 559, 62 L.Ed.2d 490 (Brennan, J., dissenting), citing *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95; accord *Clark v. Connor* (1998), 82 Ohio St.3d 309, 314, 695 N.E.2d 751 (per curiam). And the fundamental requisite of due process of law is notice. *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865; accord *Dobbins v. Kalson*, 10th Dist. No. 07AP–831, 2008-Ohio-395, 2008 WL 307724, ¶ 9.

{¶ 20} Although these cases directly pertain to the appropriateness of exercising personal jurisdiction over a nonresident defendant, the concepts of due process and fair play and substantial justice spill over into many areas of law. With regard to real property, restrictive covenants and servitudes (e.g., easements) cannot bind subsequent purchasers who did not have notice of them. This is why most states (including Ohio) have recording statutes.[1] Conversely, when a purchaser has notice of a restrictive covenant or servitude, it will be enforced against them.

{¶ 21} We can see no reason why Gullett's preemptive rights should not be enforced against National City Bank, which took a mortgage on the property having actual knowledge of Gullett's right. Based on the undisputed fact that the bank knew about the right of first refusal, yet did nothing—nor made any inquiry with the class members to ascertain whether any of them would be exercising their preemptive rights upon ripeness—we hold that the bank is not a bona fide purchaser. We find a decision by the North Dakota Supreme Court persuasive in this regard. See *Stuart v. Stammen* (1999), 590 N.W.2d 224, ¶ 19 (holding that the holder of a preemptive right may enforce the right against a subsequent purchaser, except a purchaser in good faith for value); see also *Greenfield Country Estates Tenants Assn., Inc. v. Deep* (1996), 423 Mass. 81, 666 N.E.2d 988, 994 (holding that specific performance was the proper remedy against the purchaser of the property upon which the property's tenants held a right of first refusal).

{¶ 22} The rights at issue here are rights belonging to Gullett, not Bob or Sally Spriggs, and not National City Bank. The transaction between Spriggs and the

---

1. R.C. 5301.25(A): "All deeds, land contracts * * *, and instruments of writing properly executed for the conveyance or encumbrance of lands * * * shall be recorded in the office of the county recorder of the county in which the premises are situated. Until so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that former deed, land contract, or instrument."

bank that jeopardized Gullett's future interest cannot be used to deprive her of that interest.

{¶ 23} We accordingly sustain both assignments of error.

{¶ 24} Additionally, we note that estoppel is a legal doctrine that precludes a person from denying a fact that has become settled by a prior act of the person himself. See, e.g., *State ex rel. Wilson v.* Preston (1962), 173 Ohio St. 203, 212–213, 19 O.O.2d 11, 181 N.E.2d 31, citing *Sanborn v. Sanborn* (1922), 106 Ohio St. 641, 647, 140 N.E. 407. Given the bank's willingness to loan money to Spriggs in spite of the right of first refusal, of which the bank had knowledge, the bank should be estopped from denying the validity or enforceability of the preemptive right.

{¶ 25} However, our ruling does not extinguish the mortgage to the former National City Bank, which was validly attached to the property at the time the property was legally titled to Bob Spriggs and his wife. Tarry Gullett has the right to titled ownership of the property for $20,590.31, but the mortgage is still a valid lien against the property.

{¶ 26} Having sustained both assignments of error, we reverse the judgment of the trial court and remand this case to the Franklin County Court of Common Pleas with instructions to grant summary judgment for appellant Gullett and to order specific performance in accordance with this decision, subject to the mortgage attached to the property.

*Judgment reversed*
*and cause remanded with instructions.*

BROWN and SADLER, JJ., concur.

