[Cite as *DD&F Franklin Real Estate, L.L.C. v. Hondros*, 2016-Ohio-5858.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

DD&F Franklin Real Estate, LLC,          :

        Plaintiff-Appellant,          :

                                                No. 15AP-542
v.          :          (C.P.C. No. 11CV-8803)

John Hondros, et al.,          :          (REGULAR CALENDAR)

        Defendants-Appellees.          :

D E C I S I O N

Rendered on September 15, 2016

**On brief:** *McGrath & Foley, LLP,* and *Thomas R. McGrath,* for appellant. **Argued:** *Thomas R. McGrath.*

**On brief:** *Onda LaBuhn & Rankin, LPA,* and *Timothy S. Rankin,* for appellees. **Argued:** *Timothy S. Rankin.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, DD&F Franklin Real Estate, LLC, appeals from a judgment of the Franklin County Court of Common Pleas addressing the winding-up and dissolution of DD&F, and, most pertinent to this appeal, resolving a quiet-title action involving certain real estate owned by the company.

{¶ 2} DD&F began this action with a complaint filed on July 18, 2011, seeking to dissolve itself and settle the status of its real property assets in preparation for sale or distribution to the LLC members. Specifically, DD&F sought to settle the status of a right of first refusal granted to defendants-appellees, John Hondros and his former wife Melissa Gorman, fka Melissa Hondros, as part of their 1979 purchase of an adjoining parcel. The trial court resolved the quiet-title issue by decision entered December 4, 2013, finding that, based on the undisputed facts of the case, the right of first refusal remained

enforceable. The trial court then conducted further proceedings on the other aspects of the dissolution of DD&F, and entered final judgment on May 4, 2015, resolving the balance of the matter. DD&F thereafter appealed, bringing the following assignments of error:

> [I.] The Trial Court erred in finding that the 1979 Purchase Agreement included a valid right of first refusal.
>
> [II.] The Trial Court erred in finding that Appellee's right of first refusal remains a legally enforceable contract right.

## I. FACTS AND PROCEDURAL POSTURE

{¶ 3} Most aspects of the trial court's final judgment are not raised in this appeal. The sole issue before this court is the trial court's conclusion that two parcels of real estate owned by the company remain encumbered with a right of first refusal that would be triggered in the event of a third-party offer to purchase the property. The trial court prevailed upon the parties to stipulate to the facts of the case and accordingly was able to decide that issue as a question of law. On appeal, the parties, with one minor exception that will be addressed below, continue to acknowledge the undisputed nature of the facts. We draw the following recitation thereof based upon the stipulated record before the trial court.

{¶ 4} Sisters Jesse and Lucinda Doersam together owned, among other assets, three parcels of real estate that together comprised approximately 158 acres of mostly undeveloped farm land in southern Franklin County near Rickenbacker International Airport: Franklin County parcel Nos. 180-000041-00, 180-000078-00, and 180-000079-00. The Doersam sisters died in 1977 and 1979 respectively, and their wills provided for coordinated family trusts. The wills appointed Harry Margulis as executor of the two estates and Leo J. Hall as trustee of the trusts. In 1978 and 1979, Hall, as trustee, filed a "Consent to Power to Sell Real Estate" with the probate court in each estate. (Stipulated Record Ex. 3 and 6.)

{¶ 5} On July 31, 1979, Margulis, as executor, entered into a written contract with Hondros and Gorman, at the time husband and wife, for the purchase of parcel 41, comprised of eight acres including a residence, from the estates. The purchase contract contained the following clause: "Buyer shallhave [sic] 1st right of refusal on alladjoining

[sic] land owned by the Doersam estates or trusts." (Stipulated Record Ex. 7.) At paragraph 12, the purchase contract further provided that "all provisions of this contract shall survive closing." (Stipulated Record Ex. 7.) When the parties ultimately executed the sale on September 26, 1979, the deed provided by the estates contained no notice of this attempt to convey a right of first refusal. (Stipulated Record Ex. 8, 9.)

{¶ 6} Subsequently, on December 16, 1980, Gorman (the newly-acquired property being deeded in her name alone as Melissa H. Hondros) filed three new documents titled "Affidavit First Right of Refusal" with the recorder's office for the adjoining parcels. (Stipulated Record Ex. 10-12.) These referred to the right of first refusal granted under the July 31, 1979 purchase agreement and contained full legal descriptions of the property affected.

{¶ 7} In October of 1980, well after the conveyance of parcel 41 to Gorman but shortly before she recorded her affidavits placing the right of first refusal in the chain of title for parcels 78 and 79, the estates conveyed parcels 78 and 79 to Hall as trustee. Trustee Hall subsequently received an offer for a small portion of parcel 78. Hall implemented a lot split and in November 1981 conveyed 3.9 acres to John and Amanda Spillman. (Stipulated Record Ex. 35.) The Spillmans later conveyed the property to Howard and Irene Marcum in 1984. (Stipulated Record Ex. 35.) Neither the Spillmans nor the Marcums are parties to this action, and Hondros and Gorman do not argue that their right of first refusal persists with respect to this split fragment, hereinafter referred to as "the Spillman/Marcum parcel."

{¶ 8} Hondros and Gorman divorced in 1984. Gorman quit-claimed ownership of the parcel 41 house and eight acres to Hondros, without reference to the right of first refusal on the balance of the trust-owned land. Hondros remarried, and with his new wife Linda A. Schwan Hondros, sold the parcel 41 house and lot in 1995 to Charles and Brenda Muller, providing a general warranty deed that again did not reference the right of first refusal.

{¶ 9} In January 1996, Hall, as trustee, executed fiduciary deeds transferring parcels 78 and 79 to seven Doersam heirs, who two months later transferred the property to Cindy D. Fischer as trustee under the newly-formed Doersam Family Farm Trust Agreement. In 2004, Fischer, as trustee, transferred ownership of the property to DD&F.

The same seven Doersam heirs are members of the limited liability company and nominal defendants in the present action.

{¶ 10} Both Hondros and Gorman now assert that they continue to hold rights under the right of first refusal for parcels 78 and 79. Linda Schwan Hondros and the Mullers, in contrast, have formally relinquished any claim or interest in the right of first refusal or the subject properties for purposes of this action. (Apr. 2, 2014 Jgmt. Entry; Feb. 11, 2013 Jgmt. Entry; May 4, 2013 Final Jgmt.)

**II. DISCUSSION**

{¶ 11} Preliminarily, we resolve a dispute between the parties regarding the scope of the evidence we may consider. As set forth above, the parties were able to largely stipulate to these underlying facts before the trial court. On appeal, however, the parties now dispute whether the trial court improperly added some non-stipulated facts surrounding the split and sale of the Spillman/Marcum parcel.

{¶ 12} The trial court relied on affidavits furnished by Hondros and Gorman describing the Marcum transfer. The trial court found, pursuant to these affidavits, that trustee Hall had duly contacted Hondros and Gorman in 1981 to give them the opportunity to exercise their right of first refusal on the Spillman/Marcum parcel.[1] The trial court, and now Hondros and Gorman on appeal, considered this as significant evidence that DD&F was fully aware of, and at the time acknowledged the validity of, the right of first refusal.

{¶ 13} DD&F asserts, correctly, that these affidavits do not form part of the stipulated record before the trial court, and that DD&F never acquiesced to their factual accuracy. DD&F also disputes whether the Marcum tract was in fact "adjoining" to parcel 41 (the split section lies across a public highway from the balance of parcel 78 and parcel 41) and therefore subject to the right of first refusal at all.

{¶ 14} Our first conclusion on this issue is that the parties' prior handling of the Spillman/Marcum sale is without effect on the continuing validity of any right of first refusal with respect to parcel 79 and the balance of parcel 78. Hondros and Gorman were

---

[1] Both affidavits and the subsequent discussions by the parties and trial court pass over the first recorded sale to the Spillmans and assume that the property was conveyed by Hall directly to the Marcums. This discrepancy was not resolved before the trial court, although DD&F has attempted to submit additional materials on appeal that clarify the record chain of title.

either (1) not informed of the Spillman offer and never given the opportunity to exercise their right of first refusal, or (2) as their affidavits aver, fully informed of the offer and declined to do so. Neither scenario impacts their rights with respect to the unsold property. That said, we ultimately agree that the trial court should not have considered the facts presented in these affidavits in the first place. *Lowenthal v. Setterlin, Inc.*, 10th Dist. No. 79AP-79 (May 17, 1979) (Having agreed to try a case on stipulated facts, the court may not "exceed[] the * * * stipulations in the record."). The purported isolation of the Spillman/Marcum parcel is of no significance either. We review the trial court's judgment without further reference to these facts.

{¶ 15} Also before the court as a preliminary question is a motion to strike filed by Hondros and Gorman asking the court to strike the appendix of DD&F's reply brief on appeal. They assert that it contains further materials that were not stipulated and agreed-to before the trial court, and constitutes an improper attempt to introduce supplemental evidence outside of the appellate record. This motion to strike is granted to the extent that any materials that are not properly before this court will be given no weight in consideration of the appeal.

{¶ 16} We next consider our standard of review. Although the matter was not decided by the court on summary judgment, it was decided on stipulated facts. Because the trial court's decision is based on those stipulations, we treat the appeal as one involving questions of law that are subject to de novo review. *State v. Taylor*, 4th Dist. No. 05CA19, 2005-Ohio-6378. As the plaintiff in a quiet-title action, DD&F bears the burden to disprove the competing property claim. *Carson v. Second Baptist Church*, 10th Dist. No. 09AP-922, 2011-Ohio-1025. DD&F must therefore establish as a matter of law, based on the stipulated factual record, that the right of first refusal is unenforceable against the subject property.

{¶ 17} This court has recently summarized much of the applicable law:

> A "right of first refusal" is a preemptive right that gives the holder of the right the first opportunity to purchase property if and when it is sold. *Four Howards, Ltd. v. J & F Wenz Rd. Invest., L.L.C.*, 179 Ohio App.3d 399, 2008 Ohio 6174, P59, 902 N.E.2d 63. * * * Although based in contract, a right of first refusal is usually memorialized in the deed to the subject property so it effectively acts as a type of deed restriction, or restrictive covenant. *See, e.g., Treinen v. Kollasch-Schlueter*,

179 Ohio App.3d 527, 2008 Ohio 5986, P4, 5, 902 N.E.2d 998 (discussing whether the right of first refusal at issue violated the rule against perpetuities); *Schafer v. Deszcz* (1997), 120 Ohio App.3d 410, 414 * * *.

Generally speaking, restrictive covenants "run with the land"-- i.e., they bind subsequent purchasers of real property, so long as the subsequent purchaser had notice of the covenant. *See, e.g., Emrick v. Multicon Builders, Inc.* (1991), 57 Ohio St.3d 107, 109, 566 N.E.2d 1189 ("[A] bona fide purchaser for value is bound by an encumbrance upon land * * * if he has constructive or actual knowledge of the encumbrance."); *see also Abood v. Weingarten* (1956), 74 Ohio Law Abs. 326, 135 N.E.2d 899, 902; *Kuebler v. Cleveland Short Line Ry.* (Cuyahoga C.P. 1910), 20 Ohio Dec. 525, 10 Ohio N.P. (n.s.) 385. There are also "personal covenants," which do not run with the land, and are enforceable only against the covenantor. *See generally, Gillen-Crow Pharmacies, Inc. v. Mandzak* (1964), 8 Ohio Misc. 47, 220 N.E.2d 852, 857. In order for a restrictive covenant to run with the land, the following three factors must be met: (1) intent for the restrictive covenant to run with the land; (2) "touches and concerns" the land; and (3) the parties are in privity of contract. *Capital City Community Urban Redev. Corp. v. City of Columbus*, 10th Dist. No. 08AP-769, 2009 Ohio 6835, P13 (citing *LuMac Dev. Corp. v. Buck Point Ltd. Partnership* (1988), 61 Ohio App.3d 558, 562, 573 N.E.2d 681). But personal covenants may also be enforceable against subsequent purchasers, provided that the purchaser had notice of the covenant. *Gillen-Crow Pharmacies* at 859.

*National City Bank v. Welch*, 188 Ohio App.3d 641, 2010-Ohio-2981, ¶ 13-14 (10th Dist.).

{¶ 18} We consider the two assignments of error together. DD&F first argues that the right of first refusal granted in the purchase contract is ineffective because it does not define a "triggering event" that would activate Hondros and Gorman's right to purchase parcels 78 and 79, and that the right of first refusal is therefore too vague to be enforceable. The trial court concluded that the plain language of the right of first refusal, first, did not require a defined triggering event, and second, in the absence of a defined triggering event, could incorporate the commonly accepted terms for a right of first refusal. Examining Ohio precedent, the court found that a right of first refusal lacking an expressly-defined triggering event would be deemed to be given its ordinary meaning, that is, "a promise to present offers to buy property made by third parties to the promisee

in order to afford the promisee the opportunity to match the offer." *Latina v. Woodpath Dev. Co.*, 57 Ohio St.3d 212 (1991). *See also Andrews v. Wehagen, Inc.,* 11th Dist. No. 89-L-14-160 (Dec. 20, 1990) ("[B]y definition, the right of first refusal requires an owner of property to notify the holder of the right of any bona fide offers to purchase the property, and if the holder (having been properly notified) does not elect to purchase the property during the specified time and at the specified price, the owner may then sell to the third party.").

{¶ 19} DD&F stresses that in *Welch,* the parties inserted specific language to provide for an alternative triggering event, the death of the grantees. We indeed gave effect to the specific language chosen by the parties in *Welch* to determine an alternative triggering event; we in no way declared or implied, however, that a right of first refusal that does *not* specify an alternative triggering event would be flawed. Based upon the authority discussed in *Latina* and *Andrews,* we agree with the trial court that the language of the right of first refusal here incorporates the customary meaning of such a contractually-granted right, and can be triggered by the grantors' receipt of a bona fide offer to purchase by a third party. The right of first refusal is not void for lack of a defined triggering event.

{¶ 20} DD&F alternatively asserts that the right of first refusal is vague and unenforceable because, unlike the recorded affidavits, it lacks a sufficient legal description of the affected property. The parties to the 1979 contract for the sale of lot 41 agreed that the right of first refusal concerned "all adjoining land owned by the Doersam estates or trusts." At the time of conveyance, the estates owned parcels 78 and 79, which are both contiguous with parcel 41. This is a sufficiently clear definition of the affected land.

{¶ 21} DD&F next argues that, because the property has been transferred from estate to trust, trust to individual heirs, heirs to a further trust, and thence to DD&F, the company is a subsequent bona fide purchaser of the property and is not bound by the right of first refusal.

{¶ 22} The recorded right of first refusal granted here, even if treated as a personal covenant by the grantor, runs with land under the conditions set forth in *Welch.* To be free from an otherwise valid covenant that runs with the land, a subsequent owner must be a bona fide purchaser without notice of the encumbrance. *Welch* at ¶ 14. A bona fide

purchaser is "one who takes in good faith, for value, and without actual or constructive notice" of an encumbrance or competing interest. *Zwaryz v. Wiley*, 11th Dist. No. 98-A-0073 (Aug. 20, 1999), citing *Tiller v. Hinton*, 19 Ohio St.3d 66, 68 (1985); *see also Wayne Bldg. & Loan Co. v. Yarbrough*, 11 Ohio St.2d 195 (1967).

{¶ 23} The first of the transfers in the successive chain of title for the subject properties did not constitute a transfer for value, because transmittal of estate property by devise or intestate succession does not meet the standard. *In re estate of Dinsio*, 159 Ohio App.3d 98, 2004-Ohio-6036, ¶ 18 (7th Dist.). Furthermore, after the first transfer in 1979 from estates to testamentary trusts, the affidavits substantiating the right of first refusal were on file with the recorder and gave notice of the encumbrance on the subject properties. Even if the terms of the subsequent transfers constituted transfers "for value," which is uncertain because they were essentially continuances of the estate succession, they did not create bona fide purchasers because they were made with notice of the encumbrance. Neither DD&F nor its predecessors in title were bona fide purchasers without notice of the right of first refusal.

{¶ 24} DD&F finally argues that the right of first refusal was triggered in 1980 by the transfer of parcels 78 and 79 from the estates to the trustee, or in 1996 by the transfer from trustee to beneficiaries upon dissolution of the Doersam trusts. DD&F argues that Hondros and Gorman failed to assert their rights after these triggering events, and that their claims are thereby waived, or at least transformed into a breach of contract action against the various transferors, the breach actions being further barred by the statute of limitations.

{¶ 25} The triggering event for a right of first refusal, absent more specific terms agreed upon by the parties, is receipt by the grantor of a bona fide offer to purchase the land. None of the transfers in question are described as bona fide offers to purchase for value, and apart from the Spillman/Marcum sale, where the evidence is disputed if not immaterial, there is no assertion by DD&F that Hondros and Gorman were offered the opportunity to purchase in connection with these transfers. These were not triggering events, and the statute of limitations does not apply.

{¶ 26} In summary, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Appellees' motion to strike granted;*
*judgment affirmed.*

**DORRIAN, P.J. and LUPER SCHUSTER, J., concur.**

_____