**[Cite as *Meddock v. Meddock*, 2025-Ohio-1087.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

| | | |
|---|---|---|
| DEBORAH F. MEDDOCK | : | |
| | : | |
| Appellant | : | C.A. No. 2024-CA-11 |
| | : | |
| v. | : | Trial Court Case No. 22CV00430 |
| | : | |
| TERRY E. MEDDOCK, ET AL. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellees | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on March 28, 2025

. . . . . . . . . .

JAMES A. KIGER, Attorney for Appellant

RANDALL E. BREADEN, JESSICA E. SALISBURY-COPPER, ALEXANDER R. FOXX, Attorneys for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Plaintiff-Appellant Deborah F. Meddock appeals from a judgment of the Darke County Court of Common Pleas dismissing her partition action based on a lack of subject-matter jurisdiction. For the following reasons, we will reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

I.    Facts and Course of Proceedings

{¶ 2} Deborah and Defendant-Appellee Terry E. Meddock were married on February 15, 1969.   They jointly owned real property located at 1055 State Route 503 in Arcanum in Darke County, Ohio.

{¶ 3} In 2014, the Meddocks entered into a property settlement and were granted a divorce on the ground of incompatibility in Fayette C.P. No. 13DRB0219.   As part of the property settlement that was incorporated into the March 12, 2014 divorce decree, Terry agreed to be responsible for all the debt and expenses associated with the real property, refinance the property in his name, and pay Deborah $75,000 within ten months of January 23, 2014.   In return, Terry was to receive the real property free and clear of any future interests of Deborah.   If Terry did not pay the $75,000 in a timely fashion, then the decree provided that "said property shall be immediately sold and Plaintiff's lien shall be satisfied with the proceeds therefrom."

{¶ 4} Terry failed to refinance the property in his name and did not pay Deborah the $75,000.   Terry's failures resulted in Deborah filing an action in the civil division of the Fayette County Common Pleas Court.   On August 26, 2020, the court issued a final judgment entry in Fayette County C.P. Case Nos. CVH 20190160 and 13DRB0219.[1]   According to the entry, Deborah had filed a lawsuit seeking to reduce to judgment her

---

[1] The record before us does not contain all of the filings from the two Fayette County court cases referenced in this opinion.   However, the record does contain the March 12, 2014 divorce decree and the August 26, 2020 judgment entry.   Because our record does not contain all of the filings from these two cases, it is unclear to us why the Fayette County Common Pleas Court's August 26, 2020 judgment entry listed both case numbers on the entry.

interest in certain jointly-owned real estate that was set forth in the March 12, 2014 divorce decree. Terry had sought relief from a portion of the divorce decree and clarification of the divorce decree. The court granted summary judgment in favor of Deborah in the amount of $75,000. The court also found that it had no jurisdiction to entertain any relief sought by Terry for any mistake, inadvertence, surprise, or excusable neglect in the domestic relations proceedings. According to the court, its jurisdiction over the property division ceased as of March 12, 2015, unless both parties agreed to a modification of the property division pursuant to R.C. 3105.171, which they had not.

{¶ 5} On October 12, 2022, Deborah filed a complaint for partition and execution of judgment in the Darke County Court of Common Pleas. She named the following defendants in her complaint: Terry E. Meddock, the Darke County Treasurer, the Ohio Attorney General, the United States Attorney General, Good Samaritan Hospital, and CitiBank, N.A. According to Deborah's complaint, she and her ex-husband, Terry, were the owners of real property in Darke County, which was the subject of several liens held by the other defendants named in the complaint. Deborah alleged that she had a judgment against Terry in the amount of $75,000 that had resulted from a 2014 divorce decree issued by the Fayette County Court of Common Pleas and Terry's subsequent failure to abide by the property settlement. Deborah sought partition of the real property in Darke County and an order requiring Terry to pay her $75,000 out of his portion of the partition proceeds.

{¶ 6} The defendants filed answers to the complaint. Citibank, N.A. stated that it was currently due $121,069.89 plus interest on a mortgage on the real property at issue

in the partition action and objected to the requested partition of the property. Terry and Deborah had signed both the 2007 note and mortgage as "borrowers." In his answer, Terry claimed that partition was not the proper remedy and the only remedies that existed required post-decree actions in the Domestic Relations Division of the Court of Common Pleas of Fayette County. Terry admitted that he and Deborah were the owners of the real property at issue in the partition action. However, he claimed that Deborah's partition action sought an award greater than the interest she was awarded in their divorce action and constituted a collateral attack on the divorce decree, "which collateral attack is barred by the doctrine of res judicata." Terry also stated that the property description included in the property settlement and divorce decree did not include all of the tracts that were at issue in the partition action.

{¶ 7} On March 13, 2023, Deborah filed a motion for summary judgment against Terry. On October 31, 2023, Wilmington Savings Fund FSB, not in its individual capacity but solely as Owner Trustee for the FLIC Residential Mortgage Loan Trust I ("Wilmington Savings Fund"), filed an unopposed motion to substitute itself as the party defendant in place of Citibank, N.A., which the trial court granted. On May 24, 2024, Wilmington Savings Fund filed a motion for summary judgment and the appointment of two additional disinterested commissioners. According to the motion, partition was not appropriate as it related to the parcels of property on which Wilmington Savings Fund had a lien.

{¶ 8} On July 10, 2024, while the motions for summary judgment were pending, the trial court dismissed the case without prejudice pursuant to Civ.R. 41(B)(4)(a) due to a lack of jurisdiction over the subject matter. According to the trial court, "[t]he issues

identified herein should be properly brought before the Court of Common Pleas of Fayette County, Ohio, Division of Domestic Relations, through post-decree actions." Judgment Entry, p. 3. In making its ruling, the trial court relied on the proposition that, " 'where a divorce decree sets forth the division of propert[ies] held by the parties to a divorce, an action in partition is in essence a collateral attack on the divorce decree and is therefore ordinarily impermissible.' " *Id.*, quoting *Gulbis v. Gulbis*, 1991 WL 224560, *3 (10th Dist. Aug. 27, 1991), citing *Sanborn v. Sanborn*, 106 Ohio St. 641 (1922).

{¶ 9} Deborah filed a timely notice of appeal from the trial court's July 10, 2024 judgment.

II. The Trial Court Erred by Concluding It Did Not Have Subject-Matter Jurisdiction Over a Partition Action Relating to Land in Darke County

{¶ 10} Deborah's two assignments of error are interrelated. Her assignments of error state:

The trial court erred as a matter of law, in sua sponte dismissing appellant's claim demanding partition of real property owned as tenants in common in Darke County, Ohio, when such real property lies within the exclusive jurisdiction of the Court.

The Trial Court erred by entering a sua sponte judgment dismissing Plaintiff's action in foreclosure in execution of her judgment obtained in Fayette County, Ohio as the real property is within the exclusive jurisdiction of the Court.

{¶ 11} Deborah contends that the trial court's dismissal was erroneous as a matter of law and in direct violation of R.C. 5307.02. According to Deborah, the trial court had exclusive jurisdiction over the real property, which is located in Darke County.

{¶ 12} Wilmington Savings Fund responds that Deborah is a lienholder with regard to the property at issue rather than a tenant in common. As such, Wilmington Savings Fund argues that Deborah cannot seek partition and "any alleged error in the Judgment was not 'inconsistent with substantial justice' and was, as a result, harmless." Brief of Wilmington Savings Fund, p. 5. Further, Wilmington Savings Fund contends that Deborah's second assignment of error must be overruled because she did not assert a foreclosure claim.

{¶ 13} Terry argues on appeal that the trial court was correct in concluding that Deborah's partition action was an improper collateral attack on the valid divorce decree issued by the Fayette County Court of Common Pleas. According to Terry, the parties' interests in Tracts 1 and 2 had been previously adjudicated by the Domestic Relations Division of the Fayette County Court of Common Pleas, and Tracts 3 and 4 "could have been properly litigated by said court, but were not." Brief of Terry Meddock, p. 5. Terry also argues that the divorce decree made Deborah at most a lienholder relating to the Darke County property rather than a tenant in common, which means she lacked standing to pursue a partition action. Finally, Terry echoes Wilmington Savings Fund's argument that Deborah's second assignment of error must be overruled because she did not assert a foreclosure claim.

{¶ 14} We review de novo a trial court's decision to dismiss an action for lack of

subject-matter jurisdiction. *Vinson v. Diamond Triumph Auto Glass, Inc.*, 2002-Ohio-5596, ¶ 7 (2d Dist.), citing *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 936 (10th Dist. 2000). "Subject-matter jurisdiction refers to the statutory or constitutional authority to adjudicate a case." *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2013-Ohio-4627, ¶ 25, citing *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11. "A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998), and *Handy v. Ins. Co.*, 37 Ohio St. 366, 370 (1881). "Rather, the focus is on whether the forum itself is competent to hear the controversy." *State v. Harper*, 2020-Ohio-2913, ¶ 23. "Lack of standing, on the other hand, challenges a party's capacity to bring an action, not the subject-matter jurisdiction of the tribunal." *Groveport Madison* at ¶ 25, citing *Suster* at 77.

{¶ 15} The Ohio General Assembly has deemed that partition actions are to be filed in common pleas courts, and that such courts may decide the merits thereof. R.C. 5307.03; R.C. 5307.04. Indeed, "[t]he court of common pleas is vested with plenary jurisdiction in actions for the partition of realty." *Russell v. Russell*, 137 Ohio St. 153 (1940), paragraph one of the syllabus. Since the property at issue in the partition action filed by Deborah was located in Darke County, the Darke County Court of Common Pleas had subject-matter jurisdiction over the action. *Solomon v. Solomon*, 2022-Ohio-2262, ¶ 18 (8th Dist.), citing R.C. 5307.04. Therefore, the trial court erred by dismissing the partition action based on a purported lack of subject-matter jurisdiction. However, that

does not end our analysis, because the trial court also appears to have relied on the doctrine of res judicata in dismissing the partition action for lack of subject-matter jurisdiction.

{¶ 16} The trial court stated in its July 10, 2024 judgment entry that, where a divorce decree sets forth the division of property, an action in partition is ordinarily impermissible as a collateral attack on the divorce decree. Judgment Entry (July 10, 2024), p. 3, citing *Gulbis*, 1991 WL 224560 (10th Dist.), citing *Sanborn*, 106 Ohio St. 641. While the trial court correctly recited a general proposition of law from *Sanborn*, that proposition of law is not controlling on the particular record before us. Rather, our prior decision in *Foster v. Foster*, 1986 WL 10318 (2d Dist. Sept. 19, 1986), is dispositive of the current appeal.

{¶ 17} In *Foster*, a divorce decree required the husband to pay one-half of the equity in their jointly-owned real property to the wife and, in return, the wife was required to execute to the husband a quit claim deed of all her right, title, and interest in the real property. The husband did not make the equity payment, and the wife subsequently filed an action in partition. The husband filed a memorandum in opposition arguing that a partition action would not lie because the property rights of the parties had already been finally and completely determined in the previous divorce action. *Id.* at *1. The trial court ruled in favor of the wife, and the husband appealed.

{¶ 18} On appeal, we affirmed the judgment of the trial court. In particular, we held:

The present action turns on whether the parties' property rights were

finally and completely adjudicated in the divorce proceeding so as to preclude appellee's action for partition.   We find they were not.

> The complete adjudication was contingent upon appellee's receipt of payment for her interest in the house.   Appellant failed to fulfill the condition precedent necessary to have appellee's rights in the property finally relinquished from her.   . . .   Because payment was the triggering event, and this never occurred, appellee retained her half interest rights in the marital premises.
>
> The divorce decree gave appellant the opportunity to gain complete title to the property.   His failure to abide by the decree cannot preclude appellee from seeking remedies to enforce her rights.   An action for partition was a viable alternative to ensure appellee's rights under the divorce decree were not frustrated.

*Id.* at *2.

**{¶ 19}** The Sixth District followed our *Foster* decision in *Tenney v. St. Clair*, 2013-Ohio-1717 (6th Dist.).   There, the parties were divorced in October 2007.   Pursuant to the divorce decree, the husband was awarded the real property free and clear of any claim of the wife, contingent upon the husband obtaining financing and paying the wife $28,300 for her equity interest in the property.   *Id.* at ¶ 2.   The husband was required to refinance the first mortgage and make the payment to the wife within 60 days.   *Id.*   Three years later, the wife sought a court order requiring the sale of the property because the husband had not paid the wife her share of the equity.   The wife sought partition based

on her status as a co-tenant.  *Id.* at ¶ 3.  The wife filed a motion for summary judgment, which the trial court granted.  The husband appealed.  *Id.* at ¶ 3-5.

{¶ 20} On appeal, the husband argued that the wife's partition action was an impermissible collateral attack on the divorce decree.  The Sixth District disagreed and affirmed the trial court's judgment.  According to the Sixth District, "Because payment was the triggering event, and this never occurred, appellee retained her half interest rights in the property."  *Id.* at ¶ 8.  Therefore, she had the right to seek partition.

{¶ 21} We also find instructive the Ninth District's decision in *Wickham v. Daugherty*, 1981 WL 4222 (9th Dist. Oct. 28, 1981).  There, the divorce decree provided that the marital home titled in both parties' names should remain so, and the wife would have the right of occupancy until her remarriage.  Upon her remarriage, the divorce decree ordered that the marital home real estate was to be sold and the receipts after expenses were to be divided equally between the parties.  *Id.* at *1.  The wife remarried eight months later.  The husband filed a partition action five months after the wife remarried because the property had not been sold as ordered by the divorce decree.  *Id.* The wife raised the defense of res judicata and filed a motion for summary judgment based on that defense.  The trial court granted the wife's motion.  The husband appealed.

{¶ 22} On appeal, the Ninth District held that the trial court erred by granting summary judgment to the wife.  The court explained:

> The defendant's res judicata defense is based upon the contention
>
> that the property sought to be partitioned in the present action had

previously been ordered sold in the prior divorce action, and therefore, that plaintiff is collaterally estopped from seeking a partition. However, plaintiff's action for partition of the marital home real estate cannot be characterized as a collateral attack on the order of the divorce decree. Plaintiff does not ask the court to relitigate and redetermine the rights of the parties with respect to the property in question. Nor does plaintiff seek a different dispositional order of the property. Rather, plaintiff, by virtue of his rights as determined in the divorce decree, seeks to compel the effectuation of the very disposition ordered in the prior action.

*Id.* at *2.

{¶ 23} As in the *Foster*, *Tenney*, and *Wickham* cases, Terry failed to fulfill the condition precedent necessary to have Deborah's rights in the property at issue finally relinquished from her. Therefore, Deborah retained her half interest rights in the property. Further, Deborah's partition action was not a collateral attack on the divorce decree. Rather, she sought to use the partition remedy to finally reach a result that was consistent with the divorce decree. That being said, we do not express any opinion on whether Deborah's partition action should succeed or how proceeds should be divided if the partition action does succeed. Pending before the trial court are summary judgment motions on which it will need to rule in the first instance as the court with plenary jurisdiction over Deborah's partition action. We simply hold that the trial court erred in dismissing the action for lack of subject-matter jurisdiction.

{¶ 24} The first assignment of error is sustained. The second assignment of error

is overruled as moot.   App.R. 12(A)(1)(c).


III.   Conclusion

{¶ 25} Having sustained the first assignment of error, we will reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

. . . . . . . . . . . . .


TUCKER, J. and HUFFMAN, J., concur.